# Eisenbise *against* Eisenbise.

All assets of a decedent's estate must come to the hands of his personal representative : a payment of money of the estate to any one else is a mispayment, and it may be recovered back from the person who received it.

THIS is a writ of error to the judges of the court of common pleas of *Mifflin* county; where W. Shæner and Adolph Shanefelter, executors of Alexander Eisenbise, the plaintiffs in error, were the defendants, and David R. Reynolds, administrator *de bonis non* of Christian Eisenbise deceased, was the plaintiff. The action was brought against the plaintiffs in error as the executors of Alexander Eisenbise deceased, for the purpose of recovering 1701 dollars 17 cents, received by their testator in his lifetime, from Henry Kulp and Henry Eisenbise, administrators of Samuel Eisenbise deceased ; in discharge of a debt owing by the estate of Samuel Eisenbise to the estate of Christian Eisenbise. The evidence of the money having been received was a receipt dated the 4th of August 1827, and signed by Alexander

[Eisenbise v. Eisenbise.]

Eisenbise, who thereby acknowledged he had received the money, styling himself the guardian of the minor children of Christian Eisenbise then deceased. On the trial of the cause it appeared that after the death of Christian Eisenbise, administration of his estate was first committed by the register to Samuel Eisenbise, who was indebted at the time by a single bill, in which Alexander Eisenbise was his surety to Christian Eisenbise for the amount of the money in question. That Samuel died after this without having used or applied the debt thus owing by him in his administration of Christian's estate; when letters of administration *de bonis non* were granted to the defendant in error about ten months or more before the date of the receipt already mentioned. That the defendant in error was not consulted about paying the money to Alexander Eisenbise and gave no consent to it. It also further appeared that there were debts owing by Christian Eisenbise at the time of his death, which still remained unpaid; and that excepting the money in question, there were no assets out of which they could be satisfied. And that Alexander Eisenbise had never paid the money so received by him, or accounted for it in any way to the children of Christian Eisenbise or to any other person authorized on their behalf to receive it. The court below, upon the evidence being closed, left it to the jury as a matter of fact to be decided by them, whether the transaction, as disclosed by the evidence between the administrators of Samuel Eisenbise and Alexander Eisenbise, was not a contrivance or an arrangement made for the purpose of hindering, if not altogether defeating, the creditors of Christian Eisenbise in receiving payment of their debts; and if so, the money was received by Alexander Eisenbise *mala fide*, which made him liable to pay it over to the plaintiff below, so that he might administer it: first, in paying the creditors of the estate; and next in distributing the surplus, if any remained, to and among the children or next of kin of Christian Eisenbise, upon their giving security to refund it in case it should be wanted thereafter to pay other debts made to appear against the estate.

The opinion of the court below (Burnside, president) was the subject of the error assigned.

*A. S. Wilson* and *Potter*, for plaintiff in error, cited, Irvine *v.* Hanlin, 10 *Serg. & Rawle* 219; Morris *v.* Tarin, 1 *Dall.* 147; Rapalje *v.* Emory, 2 *Dall.* 54; Lee *v.* Gibbons, 14 *Serg. & Rawle* 111; 2 *Burrows* 1005.

*Valentine* and *Benedict*, contra, whom the court declined to hear.

The opinion of the Court was delivered by

KENNEDY, J.—The counsel for the defendants below excepted to the instruction of the court to the jury; and it is made the ground of the error complained of here. I think, however, that the court was

[Eisenbise v. Eisenbise.]

not only right in giving such direction, but that they might have gone further and have told them that the plaintiff below was entitled to recover the money claimed, even if they should be of opinion that there was no fraud actually intended to be committed against the rights and interests of the creditors of Christian Eisenbise. For it cannot be questioned that the debt owing by Samuel Eisenbise or his estate to that of Christian Eisenbise, was assets out of which the debts of the latter ought to have been paid; and that for this purpose the plaintiff below, and he alone, after he became the administrator, was entitled to it, and had the right to receive it. Suppose that Samuel Eisenbise, instead of owing this debt at the time of his death, to the estate of Christian Eisenbise, had been in the possession of goods and chattels of equal value belonging to the estate of the latter; and his administrators, after his death, had delivered them over, as they paid the money, to Alexander Eisenbise as guardian of the minor children of Christian Eisenbise: could it be pretended that the plaintiff below, as the administrator of Christian Eisenbise, would not be entitled to demand the goods, and, if not delivered up to him, to recover the value thereof? That he would have a right to pursue and obtain the goods of his intestate or to recover the value of them from one who is a stranger to the estate in every respect, will not, I presume, be questioned. And for the same reason that he would have a right to recover them from such stranger, he would be entitled to recover them from the next of kin, or their guardian, if in his possession. The administrator is invested with the legal title to all the assets of the estate, whether they consist of goods and chattels or choses in action, and can maintain actions in his own name for the recovery of them, of whatsoever kind they be. And although his title is only in trust, yet the trust is of such a nature that it cannot possibly be executed by him without his having complete capacity to reduce all the assets into his own possession. And hence he has a right to maintain an action against a debtor to the estate, and to recover the amount of the debt owing by him, notwithstanding he may be the next of kin to the intestate, and as such entitled to recover it back again from the administrator, after one year shall have run from the date of his letters of administration, in the event of there being other assets sufficient to pay all the debts against the estate. It is the duty of the administrator, as soon as he shall have taken upon himself the execution of the office, to collect and possess himself of all the assets, so that he may be enabled to meet the payment of the debts against the estate as they shall be presented. He would certainly be delinquent in the discharge of his duty, if he were to wait until the claims against the estate shall have been all presented, and the aggregate amount thereof first ascertained, and then, and not before, set about collecting the assets. Not being permitted then to delay collecting the assets until he can first ascertain the amount of the debts, the whole of the assets, for aught he can know, may be wanted for paying them; and hence it

[Eisenbise v. Eisenbise.]

becomes his duty to collect them with all reasonable diligence; and to enable him to do so the law must supply him with the means necessary for that end. The next of kin have no right to any portion of the assets, unless they exceed the amount of the debts, and then only to the surplus; so that until it can be ascertained whether there is a surplus or not, and if any, what the amount thereof is, it is impossible to admit their claim or right to any part of the assets. One year from the date of the letters of administration is allowed to the administrator for paying the debts against the estate, and for ascertaining the surplus of assets, if any. But still, should there appear to be a surplus even at the end of the year, the next of kin are not entitled to demand and receive it until they shall have either given or tendered security to the administrator to secure the return of it again to him, for the purpose of paying any other debts made to appear thereafter against the estate. Having shown that the children or next of kin of the deceased can have no right to any portion of the assets, excepting to the surplus, if any, which shall remain at the end of the year after paying all the debts then made known; and that before they can receive such surplus they must give security for refunding it, if required, to pay any other debts which shall thereafter be shown to exist against the estate: it necessarily follows that the next of kin have no right to interfere with the assets in any way whatever without the consent of the administrator, that might affect the rights of creditors of the estate by depriving them of that security which the law has put it in the power of the administrator to take in their behalf as well his own. Debts, then, which are due to a person at the time of his death being assets, as well as his goods and chattels, for the payment of his debts, the necessary consequence is, that the administrator ought to have the same right to follow and recover the money which is the fruit of a debt owing to the estate of his intestate from any one who has received it without his consent, that he has to pursue the goods and chattels of the intestate, and to recover them or their value from any person whomsoever that has the possession of them and withholds them against his consent. In the latter case his right to recover the goods or their value cannot be questioned. Even a creditor, whose claim must always be preferred to that of the children or next of kin of the deceased, cannot take possession of the goods for the purpose of either securing or paying himself the debt due to him: nor can he, after having obtained the possession of them, withhold it from the administrator under such a pretence, unless the possession were obtained for that purpose by the agreement of the deceased himself in his lifetime, or by that of the administrator after his death; because to permit creditors to do so would inevitably produce a scramble in many cases, attended with great disorder and confusion; perhaps violence occasionally; besides defeating the order prescribed by law for the payment of the debts. So, for the same reason, creditors are not permitted to collect the debts owing to their deceased debtors at

IV.——S

[Eisenbise v. Eisenbise.]

the time of their respective deaths, in order to pay themselves or to gain any advantage from doing so, without the authority of the administrators. And were a creditor to prevail on a debtor to his deceased debtor to pay him the debt, that he might pay the one coming to himself with it, the administrator of his debtor would have a right to recover the money so received from him; for unless he could do so, it would happen occasionally that he would be unable to obtain payment of the same debt a second time from one who had given all he was worth in payment of it the first time, and thus the legal appropriation of the assets belonging to the estate might be defeated. It is obviously against the policy of the law to permit such practices to avail any thing. But in the case before us it would still be much more glaringly wrong to permit Alexander Eisenbise, or his representatives, to retain the money received by him. He had not the shadow of right or claim to it; not even as guardian, seeing the debts against the estate of Christian Eisenbise could not be paid without it. Having no right or claim to receive it from any source whatever; and having received it to the prejudice of those whose just claims ought to have been paid with it, it would be against equity and good conscience to permit him or his representatives to retain it. It is money which the plaintiffs in error ought *ex æquo et bono* to pay out of the estate of Alexander Eisenbise in their hands, to the defendant in error, who upon receiving it will be bound to administer it according to law; and if there should happen to be a surplus of assets in his hands after paying all the debts against his intestate, the children will be entitled to receive it upon giving the requisite security, so that by this course justice will be done to all concerned.

Judgment affirmed,