## BEERS *v.* ROBINSON.

Where A. promises B. to pay B.'s debts so far as the consideration received would go, the creditor of B. may maintain an action on the promise.

IN error from the Common Pleas of Armstrong.

The plaintiff in this case was a creditor of Keenan, and proved that Keenan's property was sold at auction, and the notes given by the purchasers handed to defendant, who promised Keenan to pay his debts so far as they and the property purchased by defendant would go.

BURRELL, P. J., told the jury the plaintiff could maintain the action.

An agreement was offered in evidence by defendant, but what it was could not be gathered from the paper-book.

*Buffington,* for plaintiff in error.

*Phelps,* contrà.

U

*Oct.* 23.    COULTER, J.—The article of agreement between A. Beers, administrator of Cravener, and J. Keenan, was properly rejected by the court. It was totally irrelevant to the issue, and could not have had any legitimate influence on the result.

The instruction of the court, which is assigned for error, is right. One for whose use and benefit a promise is made, if upon sufficient consideration, may maintain an action upon it; 2 Watts, 104; 17 Mass. Rep. 400; 4 Watts, 134. Keenan sold his property at a vendue, and in consideration that he would assign and transfer these notes to the defendant, he agreed to pay Keenan's debts, unless they amounted to more than these vendue notes, and in that event, so much of the debts as equalled the vendue notes. The defendant got the notes and collected them. The plaintiff, one of Keenan's creditors, brings this suit against Beers on the promise above stated. The defendant does not allege that he has not received the amount of the notes, nor that he has exhausted the fund by payment of other debts due by Keenan; but stands on the ground that this action cannot be maintained by the plaintiff, the acknowledged and proved creditor of Keenan. But the action can be sustained on the authorities which I have cited.

Judgment affirmed.