## Campbell *versus* Lacock.

*Plaintiffs, Legal and Equitable.—Right of Party to sue on Contract made with and for another.—Privity of Contract requisite to maintain Suit at Law.*

A., one of two partners, sold out to the other, B., who agreed among other things to pay all debts, dues, and demands against the late firm, and give security for performance. The surety, C., agreed in writing to guarantee and hold himself responsible for the faithful performance of the contract on the part of B. the purchaser. A firm-creditor, D., afterwards obtained judgment against both, and failing to collect it on execution, brought suit against the surety, C., on the agreement of guarantee, upon the trial of which judgment was entered by the court for the defendant. *Held,*

1. That the plaintiff could not maintain the action, for he was not a party to the agreement of guaranty ; the promise was not made to him or for his use and benefit; the consideration did not move from, nor had the defendant received anything in trust for, him ; and there was, therefore, no privity of contract.

2. That if the action could be maintained, it should have been brought by the plaintiff in the name of A., the party for whose benefit the agreement was made, and not in his own name, for he was a stranger to the contract and consideration.

Error to the District Court of *Allegheny county.*

This was an action on the case brought in the court below by Nelson Campbell against H. Lacock, on a contract of guaranty.

The case was this :—R. P. Getty and Samuel Geissinger were partners, carrying on the business of tavernkeeping in the Station Hotel, in the city of Allegheny, and on the 17th of December 1856, dissolved partnership by Getty selling out his interest to Geissinger, on the latter agreeing to pay him therefor the sum of $700, on or before the 1st of January 1857, and make him a good and sufficient deed of a lot of ground in the borough of Birmingham, and "to pay all debts, dues, and demands against the late firm of Geissinger & Getty, and give good and sufficient security for the faithful performance of the same."

At the time of the signing and sealing of the foregoing agreement, and as security for the performance thereof, H. Lacock, the defendant, executed the following agreement in writing, endorsed thereon, viz. :

"I guaranty and hold myself responsible for the faithful performance, on the part of Samuel Geissinger, of the contract executed within."

[Campbell v. Lacock.]

The plaintiff's action was brought on this agreement to recover the amount owed him by Getty & Geissinger, as makers of a promissory note for the sum of $500, dated October 8th 1856, payable the 1st of May 1857, to the order of Robert McCuen, and by him endorsed to the plaintiff before maturity. Suit had been brought thereon by the plaintiff against Getty & Geissinger to November Term 1857, of this court, and on the 15th of October 1857, judgment rendered against them in favour of the plaintiff, for the sum of $515.18, upon which execution was issued and returned "no goods." This action was then brought against the defendant, upon his refusal to pay the amount of Getty & Geissinger's indebtedness.

The declaration contained one special count setting forth the case as above stated, to which the defendant filed an affidavit of defence, setting forth that he owed said Nelson Campbell nothing except a small balance of $19 for ale; had no dealings of the kind mentioned with him; that there is no privity of contract between them; that his only liability, if any exist by reason of his signing the paper referred to, is with said R. P. Getty; that it was never understood or considered that defendant should be liable to strangers and persons not privy to said contract; and that by reason of subsequent arrangements and contracts, he has a good defence against said Getty for all demands by reason of said contract and guarantee.

This was followed by a rule for judgment for want of a sufficient affidavit of defence, which on hearing was discharged; whereupon the defendant pleaded *nil debet*, with leave to give in evidence the matter contained in his affidavit of defence.

On the 14th of January 1861, the jury were sworn, and rendered their verdict in favour of the plaintiff for $624.18, subject to the opinion of the court upon the questions of law reserved.

On argument, the court below (WILLIAMS, J.) delivered the following opinion.

After stating the case briefly, the learned judge continued:—

"The defendant is under no moral obligation to pay the debts of Getty & Geissinger, and if he is under a legal obligation, it arises out of his agreement as the surety of Geissinger. But the plaintiff was not a party to this agreement. The consideration did not move from him, and the promise was not made to him, or for his benefit. There is no privity of contract between the parties here. How then can the plaintiff maintain this action? Where the promise is to one for the benefit of another, the decisions do not seem to be altogether uniform or reconcilable as to the party by whom the action should be brought.

"In some cases it has been held, that he for whose benefit a promise is made may maintain an action on it, although no consideration pass from him to the defendant, nor any promise

[Campbell *v.* Lacock.]

directly to him from the defendant: Hind *v.* Holdship, 2 Watts 104. Upon the principle that one for whose use and benefit a promise is made, if upon sufficient consideration, may maintain an action on it, it was held in Beers *v.* Robinson, 9 Barr 229, that where A. promises B. to pay B.'s debts, so far as the consideration received would go, the creditor of B. may maintain an action on the promise. And to the same effect are Vincent *v.* Watson, 6 Harris 96; Bell *v.* Fagely, 7 Harris 273; and Ayer's Appeal, 4 Casey 179. A distinction is taken in Blymire *v.* Boistle, 6 Watts 182, and the rule is there laid down, that if one receive money from another for the use of a third person, or having money belonging to another, agree with that other to pay it to a third, action lies by the person beneficially interested. But where the contract is for the benefit of the contracting party, and the third person is a stranger to the contract and consideration, the action must be by the promissee. This distinction is recognised and approved by Justice Kennedy in DeBolle *v.* Pennsylvania Insurance Company, 4 Wh. 74, and Hubbert *v.* Borden, 6 Wh. 94.

"The case in Blymire *v.* Boistle was this:—Boistle had a judgment against Gladstone, which Blymire agreed with Gladstone to pay, in consideration that the latter would convey to him a lot of ground. Gladstone conveyed the lot, but Blymire did not pay the judgment according to his agreement, and Boistle brought suit against him. And the question was, whether the action was rightly brought. It was held that the action should have been brought in the name of Gladstone, the contracting party for whose benefit the agreement was made, and not in the name of Boistle, who was a stranger to the contract and consideration.

"It is suggested by Justice Rogers, in Esling *v.* Zantzinger, 1 Harris 50, that the decision would have been different if Boistle had participated in the contract; that is, if the three had met together, and Blymire had expressly promised Boistle to pay the judgment. And accordingly it was held in Esling *v.* Zantzinger, that where a landlord gave a creditor an order on his tenant to pay the creditor the rent as it became due, which was accepted by the tenant, that a liability by the tenant in favour of the creditor was thereby created, which could be enforced by an action in the name of the creditor, and that the tenant's liability to the action was grounded not merely on the extinguishment of his liability to the landlord, but mainly on the express promise, for which there was a sufficient consideration. In reference to Blymire *v.* Boistle, and other cases relied on by the defendant to defeat the action in that case, the learned judge says: 'In all of these the privity of contract, which is indispensable to the maintenance of the suit in the name of the original creditor, is

[Campbell *v.* Lacock.]

wanting.' The decision in Finney *v.* Finney, 4 Harris 380, is put expressly on the ground of the want of privity of contract between the parties, and for this reason it was there held that the plaintiff was not entitled to recover, though the court, from the manifest unfairness of the defendant's conduct in withholding the fund from all parties, was anxious to sustain the action.

"The case of The Commercial Bank *v.* Wood, 7 W. & S. 89, falls clearly within the distinction taken in Blymire *v.* Boistle, though, in delivering the opinion of the court, Kennedy, J., seems to lay stress on the fact that the plaintiffs subsequently assented to the arrangement made by their debtor with the bank for the payment of the note held by them. The arrangement was this : The bank received from Piatt, the agent of McCoy, *as cash,* a draft drawn by the Commercial and Railroad Bank of Vicksburg on the Girard Bank of Philadelphia, and agreed with him to pay McCoy's note, held by the plaintiffs, Wood & Abbott; and in an action on this promise it was held that the plaintiffs were entitled to recover. The decision is put mainly on the ground that the bank, having taken the draft as money, received it in trust for the plaintiffs, and McCoy's indebtedness to them was a sufficient consideration for the creation and support of the trust thus created in their favour, and the right to the use of the money passed thereby to them, so as to entitle them to demand and receive it from the bank. Perhaps the true reason, if there be one, for the distinction is here indicated, viz.: Where the promissor receives the fund, or other consideration of the promise, in trust for a third party, there the action may be in the name of the latter. But, with the exception hereafter noticed, in all other cases the action must be brought in the name of him from whom the consideration moved, or who was the meritorious cause of it, whether, as in Blymire *v.* Boistle, Ramsdale *v.* Horton, 3 Barr 330, and other like cases, the promise be made to him from whom the consideration moved, or, as in Edmondson *v.* Penney, 1 Barr 334, and Comfort *v.* Eisenbies, 1 Jones 13, it be made to a stranger to the consideration. The exception to the rule is in the case of an express promise, upon a sufficient consideration, to pay a third party, where the latter participates in the contract; and in such case, as we have seen in Esling *v.* Zantzinger, the action may be maintained, by reason of the privity of contract, in the name of the third party.

"In Morrison *v.* Berkey, 6 Watts 349, a case somewhat resembling the present, Morrison agreed with Vickroy to pay a debt, due by the firm of which Vickroy was a member, for which Berkey was surety. Berkey paid the debt, and sued Morrison on his agreement; and it was held that, being a stranger to the consideration, as between Morrison and Vickroy, Berkey could not recover. So also in Cummings *v.* Klapp, 5 W. & S. 511, it

[Campbell *v.* Lacock.]

is ruled that a promise to a constable to pay the amount of an execution in his hands can only be enforced by an action in the name of the constable who gave the indulgence, and from whom, therefore, the consideration moved, to whom the promise was made, and who was the party beneficially interested therein, and not in the name of the plaintiff in the execution, who was a stranger to the contract and consideration.

" In none of the cases to which reference has been made, is there any rule laid down which will enable the plaintiff to maintain this action, and a careful examination induces the belief that none can be found in our reports. The promise was not made to the plaintiff, or for his use and benefit. The consideration did not move from him, the defendant has received nothing in trust for him, and there is no privity of contract whatever between the parties.

" But if there could be any doubt as to the right of the plaintiff to maintain an action on defendant's contract for his own use, it is clear that the suit must be brought in the name of Getty, the contracting party. And that this is not a mere technical objection is shown in Berkey *v.* Morrison, because, in that form of suit, the defendant will have the benefit of any defence which he may have against Getty. For these reasons we are clearly of the opinion, that upon the reserved question judgment should be entered in favour of the defendant.''

The plaintiff thereupon sued out this writ, and assigned for error the entry of judgment in favour of defendant.

*S. H. Geyer*, for plaintiff in error, in support of the right of the plaintiff to maintain this suit, cited and relied on Hind *v.* Holdship, 2 Watts 104 ; Beers *v.* Robinson, 9 Barr 229 ; Vincent *v.* Watson, 6 Harris 96 ; Ayer's Appeal, 4 Casey 179, and Bellas *v.* Fagely, 7 Harris 273.

*Barton*, for defendant in error, furnished no printed argument.

The opinion of the court was delivered November 4th 1861.

Per Curiam.—This judgment seems to us fully justified by the opinion of the learned judge of the court below, and we do not repeat his argument. And we do not consider that this decision conflicts with cases deciding that an action lies in favour of the creditor when there is a promise directly to him, 6 Harris 96, or where his debtors were partners and had dissolved partnership, and he sues only those who continue the business, and have agreed to pay the partnership debts : 7 Harris 273.

Judgment affirmed.