## Mallalieu's Estate.

*Contract—Consideration—Parties—Action.*

1. An agreement made by a mother and sole heir of a decedent to give a share of the decedent's estate to an aunt of the latter, in consideration of the aunt's brother joining the mother in the administration, helping her therein, and in certain incidental litigation, without any charge for his services, cannot be enforced by the aunt against the mother, inasmuch as the aunt was not a party either to the contract or to the consideration.

2. No one can sue on a contract to which he is not a party.

*Executors and administrators—Contract with cestui que trust.*

3. Administration of a decedent's estate is strictly in trust and equity will not permit a person about to become an administrator to contract with the heir to the latter's prejudice.

Argued Nov. 17, 1909. Appeal, No. 226, Oct. T., 1909, by Ada E. Mallalieu, from decree of O. C. Chester Co., dismissing exceptions to adjudication in Estate of Howard Martin Mallalieu, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Exceptions to report of Gibbons Gray Conwell, Esq., auditor.

The auditor stated the facts to be as follows:

Howard Martin Mallalieu, the decedent, died on March 28,

1907, intestate, unmarried and without issue, leaving to survive him as his sole heir at law, his mother, said Mattie J. Shoemaker.

His estate is all personal property and consisted of a policy of life insurance in the Brotherhood of Locomotive Engineers for $1,500, which was paid directly to his mother, said Mattie J. Shoemaker, and does not appear in the account of the administrators; $600 in the Reading Railway Relief Association; $950 being the aggregate of deposits in two Philadelphia Trust Companies, and $50 cash in the house, and the possible results of a suit for damages against the Philadelphia & Reading Railway Company, which last amounted to nothing, as no suit was brought.

The balance shown by the administrators' account amounting to $1,375.43 for distribution here is the net amount derived from the $600, $950 and $50 items above mentioned.

When the decedent was four or five years of age, his father died, and from that time he was brought up by his two paternal maiden aunts, Grace Mallalieu, who died before the decedent, and Ada E. Mallalieu, the claimant here, being more particularly cared for by Grace. He was supported by them until he was eighteen years of age, when he went to work on the railroad, and from that time until he was killed in an accident thereon, March 28, 1907, when he was twenty-three years of age, he paid his board to the two until the death of Grace, and to Ada thereafter. At the time of his death, he was a locomotive engineer on the Reading Railroad and his death was caused by his engine falling off a trestle and turning over.

Decedent left no debts so far as is known; all expenses of his funeral and administration of his estate have been paid and there is no claim presented against the fund for distribution, excepting that made by his aunt, the above named Ada E. Mallalieu, viz.:

She, through her attorney, Thomas W. Pierce, Esq., claims to be paid by the administrators one-half of the entire estate including the $1,500 life insurance above mentioned; and bases her claim upon an alleged parol contract, to which she

was not a party, made between George W. Mallalieu, brother of claimant, and said Mattie J. Shoemaker. The contract, if made, consisted of an oral proposition made by George to Mrs. Shoemaker and accepted by her, to the effect that under the circumstances, Ada ought to have some portion of the estate, and that he would take out letters together with Mrs. Shoemaker, assist her to administer and do what he could to recover damages from the railway company for the death of decedent, all without compensation, if she would surrender to Ada half the estate.

The auditor disallowed the claim.

*Error assigned* was in dismissing exceptions to auditor's report.

*Thomas W. Pierce,* for appellant, cited: Hind v. Holdship, 2 Watts, 104; Blymire v. Boistle, 6 Watts, 182; Adams v. Kuehn, 119 Pa. 76; Hostetter v. Hollinger, 117 Pa. 606.

*Walter E. Greenwood,* for appellee.

OPINION BY HENDERSON, J., March 3, 1910:

It is a rule of the common law that no one can sue on a contract to which he is not a party: Wharton, Contracts, 784. The same rule prevails in this state as is shown by an examination of Blymire v. Boistle, 6 Watts, 182; Torrens v. Campbell, 74 Pa. 470; Kountz v. Holthouse, 85 Pa. 235; Adams v. Kuehn, 119 Pa. 76, and other cases. Where one is a stranger to the contract and to the consideration for it he cannot maintain an action on the contract. There are exceptions to the rule where the plaintiff may fairly be said to be a party to the consideration, where in good conscience the title to the money or thing which is the consideration for the promise passes to the beneficiary and the promisor becomes in effect a trustee. As, for instance, where money or any other valuable thing is placed in the hands of the person sought to be charged at the time the agreement is made, to be paid or delivered to a third person, as in Beers v. Robinson, 9 Pa. 229; Vincent v. Watson,

18 Pa. 96; Campbell v. Lacock, 40 Pa. 448; Howes v. Scott, 224 Pa. 7; Torrens v. Campbell, supra. In the latter case Justice Mercur concluded the opinion of the court in these words: "I understand the rule to be this, where the promisor receives money, or personal property to be converted into money, in trust for a third party, the action may be sustained in the name of the latter." The appellant asks that her case be made an exception to the general rule, but the facts presented do not bring her claim within the limits of any adjudicated case. She was not only not a party to the contract set up, but no consideration passed from her to the appellee or to anybody else. No trust fund was created; no money or other valuable thing was put in the hands of Mrs. Shoemaker by George W. Mallalieu or anybody else to be paid over to the appellant. The transaction proved was in effect a promise by Mrs. Shoemaker to make a gift to the appellant. It is not pretended that the latter had any sort of claim against Mrs. Shoemaker, and the undertaking to transfer part of the estate to her was purely gratuitous. The auditor seems to have been in doubt whether anything more was intended by Mrs. Shoemaker in her reply to the proposition of Mallalieu than a responsive acknowledgment that the appellant and her sister who had taken care of the decedent in his youth should have a part of his estate, and he well concluded, therefore, that it was "something of a stretch to find that she then and there agreed that it should be so distributed." If the case turned on that question we should hesitate to hold that the evidence showed a clear and explicit agreement to make an assignment of one-half of the estate, but accepting the finding of the auditor on that subject he was correct in determining that the appellant could not recover because she was neither a cestui que trust nor owner of the fund nor a party to the contract or consideration. At the time the promise was made the fund was in the estate of Howard Mallalieu. His mother was the sole heir, but none of the property was then in her possession. At most, she promised to be generous and failed to keep her promise.

There is another reason why the contract set up is not en-

forceable.  In becoming one of the administrators of the estate George Mallalieu became a trustee.  He knew that Mrs. Shoemaker was the heir and that she would be the cestui que trust.  The law would not permit him, therefore, to make a bargain with reference to the estate adverse to the interest of Mrs. Shoemaker in anticipation of becoming administrator. Administration of the decedent's estate is strictly a trust, and equity would not permit a person about to become an administrator to contract with the heir to the latter's prejudice: Bowers v. Bowers, 26 Pa. 74.  His compensation is determinable by established legal standards, and he cannot be permitted to contract for excessive compensation for himself or any other person.

The decree is affirmed.