## Blymire *against* Boistle.

If one pay money to another for the use of a third person, or having money belong-
ing to another, agree with that other to pay it to a third, action lies by the person bene-
ficially interested. But where the contract is for the benefit of the contracting party,
and the third person is a stranger to the consideration, the action must be by the
promisee.

ERROR to the common pleas of *Cumberland* county.

John Boistle against Abraham Blymire. Case. John Boistle,
the plaintiff, had a judgment against William Gladstone, for 96
dollars. In a conversation between Abraham Blymire and Wil-

[Blymire 'v. Boistle.]

liam Gladstone, it was agreed that in consideration, that Gladstone would convey a lot of ground to Blymire, he would pay to Boistle the judgment which Gladstone owed him.　Gladstone did convey the lot, and Blymire did not pay the judgment according to his agreement; and this action was brought in the name of Boistle against Blymire upon that promise.　The only question of any importance in the cause was, whether the action was rightly brought in the name of Boistle.　The court below was of opinion that the plaintiff might recover.

*Williamson,* for plaintiff in error.
*Brandeberry* and *Alexander,* contra.

The opinion of the Court was delivered by

SERGEANT, J.—Numerous cases are to be found in the books respecting the right of a third person to sue on a promise made to another, and they are not all reconcilable with each other.　See 1 *Vin. Abr.* 333 to 337, and the note to Pigott *v.* Thompson, 3 *East* 119.　They seem, however, to warrant this distinction, that if one pay money to another for the use of a third person, or having money belonging to another, agree with that other to pay it to a third, action lies by the person beneficially interested.　But where the contract is for the benefit of the contracting party, and the third person is a stranger to the contract and consideration, the action must be by the promisee.　Owings *v.* Owings, 1 *Harr. & Gill* 484.　In Hadvet *v.* Levis, *Het.* 176, the distinction is drawn by HUTTON, J., who says, there is a difference where the promise is to perform to one who is not interested in the cause, and when he hath an interest.　In the first case, he to whom the promise is made, shall have the action, and not he to whom the promise is to be performed.　In Bourn *v.* Mason et al., 1 *Vent.* 6, in *assumpsit,* the plaintiff declared that one Parrie was indebted to the plaintiff and the defendant, in two several sums of money, and a stranger was indebted in another sum to Parrie; that there being a communication between them, the defendants, in consideration that Parrie would permit them to sue in his name the stranger for the sum due him, promised they would pay the sum which Parrie owed to the plaintiff; and alleged that Parrie permitted them to sue, and they recovered.　Verdict for plaintiff and judgment arrested, because the plaintiff could not bring the action; for he was a stranger to the consideration, he did nothing of trouble to himself, or benefit to the defendant.　In 2 *Keble* 528, the same case is reported, and the court conclude by saying, that he to whom the promise was made must bring the action, and the plaintiff hath still remedy against him.　In 1 *Str.* 592, is the the case of How *v.* Rogers, much resembling the present.　*Assumpsit* that whereas, J. Hardy was indebted to the plaintiff, in 70 pounds, upon a discourse between Hardy and the defendant, it was agreed, that the defendant should

[Blymire v. Boistle.]

pay the plaintiff's debt, and Hardy should make the defendant a title to a house; and then averred that Hardy was always ready to perform his part of the agreement, and the defendant, in consideration, promised to pay the plaintiff. Judgment was given for the defendant, after advisement, the court holding the plaintiff a stranger to the consideration.

When the grounds of the above mentioned distinction are examined, there appear to be reasons of substantial justice in favour of it, as well as the authority of decided cases. Where one person contracts with another to pay money to a third, or to deliver over some valuable thing, and such third person is thus the only party in interest, he ought to possess the right to release the demand, or recover it by action. But when a debt already exists from one person to another, a promise by a third person to pay such debt, being for the benefit of the original debtor, and to relieve him from the payment of it, he ought to have a right of action against the promisor for his own indemnity; and if the promisor were also liable to the original creditor, he would be subject to two separate actions at the same time, for the same debt, which would be inconvenient, and might lead to injustice.

The case before us, in substance is, that the defendant, Blymire, in consideration of Gladstone's conveying his third part of a lot of ground to him, promised Gladstone to pay to Boistle, the plaintiff, a debt due by Gladstone to Boistle, on a judgment previously recovered against Gladstone by Keyser and assigned to Boistle; and the question is whether, in the absence of any evidence of the participation of Boistle in the contract, or consideration money from him or act done, or prejudice sustained by him, he can maintain this action in his own name against Blymire on this contract. It is clear that the right of proceeding on the judgment against Blymire remained in Boistle as before, whether the judgment was a lien on the property or not. He might either proceed by execution or by action of debt on the judgment. Gladstone thus remaining liable to Boistle, if Blymire failed to pay according to his undertaking, Gladstone had a right of action against him on his promise, and for his own indemnity. If then by this action Blymire is liable also to Boistle, he may be twice sued. Who should be preferred? Or might not Blymire, in one event, be compelled to pay both? The equity of the case would be, and chancery would decree, that Blymire should pay but once, and that the money should go to Boistle on his releasing Gladstone. But in two common law suits against Blymire it might be difficult to effect this equity. The suits must, therefore, be by Gladstone against Blymire, and by Boistle against Gladstone, and thus Blymire would be released by one payment to Gladstone, and Gladstone exonerated by paying Boistle; unless one suit should be brought in the name of Gladstone for the use of Boistle against Blymire.

On these reasons and authorities, we are compelled to come to

[Blymire v. Boistle.]

the conclusion, that this action is not maintainable, and that there was error in the charge of the court on this point.

The other errors are not sustained.

Judgment reversed.