# Torrens *et al. versus* Campbell.

1. A firm of which Campbell was a partner, indebted to Calvin sold out to Tiernan. Torrens and Campbell formed a partnership and agreed by writing that Campbell was to buy Tiernan's interest and put it into the partnership as his part of the capital, and the partnership to pay all the debts of the first firm. *Held*, that Calvin could not maintain an action against Torrens and Campbell in his own name.

2. Where a contract is for the benefit of the contracting party and a third person is a stranger to the consideration, the action must generally be by the promissee.

3. When the promissor receives money or property to be converted into money, in trust for another, the action may be in the name of the other.

4. Evidence that when the agreement was made Campbell showed a list of the firm's debts which did not contain Calvin's, was admissible as evidence, that Calvin's was not one of the debts which it was agreed should be paid.

5. A father may allow his minor child to contract for himself and hold his wages and after they are earned cannot withdraw his consent. *Per* GILMORE, P. J.

6. Blymire *v.* Boistle, 6 Watts 182; Campbell *v.* Lacock, 4 Wright 448, followed.

November 21st 1873. Before READ, C. J., AGNEW, SHARSWOOD, WILLIAMS and MERCUR, JJ.

Error to the Court of Common Pleas of *Fayette county*: No. 191, to October and November Term 1873.

[Torrens *v.* Campbell.]

· This was an action of assumpsit, brought February 18th 1869, by Calvin Campbell, by his next friend Samuel Campbell, against Joseph Torrens and William Campbell.   The action was brought by the plaintiff, a minor, to recover wages which he had earned by working as a glass-cutter for the firm of Zimmerman & Co., whose establishment it was alleged had passed into the hands of the defendants, the defendants agreeing to pay the debts due by Zimmerman & Co.

The declaration was on the common courts.

The cause was tried January 17th 1873, before Gilmore, P. J.

For the plaintiff, William Campbell, one of the defendants, testified; that the firm of Zimmerman & .Co., composed of the witness and others, carried on the manufacture of glass in Cookstown, Fayette county ; that the plaintiff was employed by that firm in cutting glass and worked for about a year ; the firm dissolved in 1867 or 1868, and sold the establishment to John Tiernan ; the balance due plaintiff August 6th 1868, was $998.08 ; on the 4th .of September 1865, witness and Torrens formed a partnership and that balance was then standing to the credit of the plaintiff on the books of Zimmerman & Co.

The·plaintiff gave evidence to show that by the consent of his father, he made the contract himself with Zimmerman & Co., and was to receive his wages for his own use.

The agreement of partnership between Torrens and William Campbell was given in evidence; it was dated September 4th 1868, and contained the following clauses :—

" 4. ·Mr. Torrens shall contribute to the capital account $6000 in cash.

·   " 5. Mr. Campbell shall contribute $3000 in his interest in the Nauvoo Glass Works, to be purchased by the firm from John Tiernan, said works being those recently owned by the late firm of Zimmerman & Co., and by them transferred to said Tiernan.

    *        *        *        *        *        *        *

" 9. It is agreed that the firm shall become the owners of all debts due the late firm of Zimmerman & Co., recent owners of the Nauvoo .Glass Works, including one against Lorrenz & Wightman, of Pittsburg, of say $2000, more or less, and that they assume and pay the debts owed by said Zimmerman & Co., amounting to say $6600, more or less ; this amount being exclusive of John Tiernan's claim, which will be adjusted in the transfer of real and personal property in the way and manner to be agreed upon."

The plaintiff gave evidence that in pursuance of the 9th clause of the agreement, the firm of Torrens & Campbell collected part of the debt due by Lorrenz & Wightman, and also other debts due to the firm of Zimmerman & Co.

The plaintiff having closed, the defendants offered to prove : " That before and at the time the agreement between Joseph Tor-

rens and William Campbell was signed, Campbell, who had been one of the firm of Zimmerman & Co., produced a list or schedule of the debts due Zimmerman & Co., amounting to $6733.16, as being the amount they were owing to the parties therein named, subject to be reduced or increased, as the said accounts named might be increased or decreased upon settlement, and which said list or schedule did not contain the account of Calvin Campbell, now in suit."

Also : " That the list of debts produced by William Campbell, due by the firm of Zimmerman & Co., at the time of signing of the article of agreement between Torrens & Campbell was a part of the said article, and of the agreement showing and limiting the amount of debts agreed to be paid, and that the same list does not embrace the debt now in suit, and as some evidence of a conspiracy between William Campbell and the plaintiffs, to defraud the defendant, Torrens."

Both offers were rejected and several bills of exception sealed.

The defendant gave further evidence that the firm of Torrens & Campbell had paid between $8100 and $8600 of debts due by Zimmerman & Co.

The points of the defendants and their answers were :—

1. Under the pleadings and evidence the plaintiff cannot recover.

2. There was no privity of contract between the plaintiff and defendants in the agreement between the defendants, Torrens and Campbell. He is an entire stranger and therefore the plaintiff cannot recover.

3. The claim sued for in this case not being mentioned or in any way designated in the agreement between Torrens and Campbell, it cannot be established by parol.

4. The claim is nothing more than a parol contract to pay the debt of another, and therefore comes within the provisions of the Act of 1855.

Answer to these points :—

" We are of opinion and so charge you, that under the 9th clause in the contract of 1868, if the plaintiff is a creditor of the company of Zimmerman & Co., he is entitled to recover in this action unless he is precluded on other grounds."

5. The plaintiff being a minor at the time the wages sued for were earned they belong to his father, and his father, Samuel Campbell, being indebted at the same time to the same parties in an amount greater than this claim, he cannot sustain this action for the use of his son, because the claim was absorbed and extinguished by his own indebtedness.

Answer : " We instruct you that the earnings of a minor child belong to the father, but the father may permit and allow his minor child to contract for himself and hold to his exclusive use

[Torrens *v.* Campbell.]

his wages, and after he has earned them he cannot withdraw his consent at his own mere will and pleasure. The debt of the father to Zimmerman & Co. could not affect the right of the son to his wages, if allowed by his father, unless there had been or was an arrangement that the wages of the son should be so applied. Even after the wages had been earned the son might have consented to this appropriation, but unless he did so no other person had the power to do it. The fact that the plaintiff had been working for himself, had earned money for himself, and had been employed by William Campbell to work for his firm, would not of itself be sufficient to appropriate his earnings if his father claimed them of his employers; unless you believe that his father consented that he should have his own earnings,—and particularly so when the son was living in his father's house at the time he was engaged in work."

The verdict was for the plaintiff for $1240. The defendants on a writ of error to the Supreme Court assigned for error,

1, 2. The rejection of their offers of evidence.

3–6. The answer to the first four points.

7. The answer to the fifth point.

*A. Howell, D. Kaine* and *Kerr & Guthrie,* for plaintiffs in error.—There was no privity of contract between the plaintiff and defendants; if there was liability on the defendants under the agreement to pay Zimmerman's debts, it was by Torrens to William Campbell: Blymire *v.* Boistle, 6 Watts 182 ; Campbell *v.* Lacock, 4 Wright 448. The plaintiff was a stranger to the consideration of the agreement: De Bolle *v.* Pennsylvania Insurance Co., 4 Wharton 74; Hubbert *v.* Borden, 6 Id. 79 ; Morrison *v.* Beckey, 6 Watts 349; Cummings *v.* Klapp, 5 W. & S. 511. The evidence mentioned in the first bill of exceptions would not alter the agreement, it only defined the subject-matter; Zentmyer *v.* Mittower, 5 Barr 403 ; Barnhart *v.* Riddle, 5 Casey 92; Miller *v.* Fichthorn, 7 Id. 252; Aldridge *v.* Eshleman, 10 Wright 420.

*C. E. Boyle,* for defendant in error.

The opinion of the court was delivered, January 6th 1874, by

MERCUR, J.—Zimmerman & Co. had been engaged in the muanufacture of window-glass. While thus engaged they became indebted to the plaintiff below. William Campbell, one of the defendants below, was a member of that firm. The firm sold out their works to one Tiernan and dissolved. Tiernan continued the business. Subsequently the two defendants below entered into a written agreement of copartnership therein; they agreed to purchase the said glass-works and to prosecute the business, and that " the firm should become the owners of all debts due the late firm,

[Torrens *v.* Campbell.]

of Zimmerman & Co." and that they should "assume and pay the debts owned by said Zimmerman & Co., amounting to say $6600, more or less."

The plaintiff below seeks to recover under this contract, to which he was not a party. The debt due him was not specifically mentioned in the agreement, but he claims it was covered by the general language used. As he was a stranger to the contract and to the consideration upon which it rested, he certainly cannot stand upon higher ground than the party under whom he claims to have acquired this new right. Prior to this agreement he had no claim against Torrens. If he now has any, he acquired it by virtue of this contract alone. It is very clear that Torrens is not estopped from making any valid defence which he has, to the fulfilment of his agreement. If a suit were brought by William Campbell against him, his right to defend upon the ground of fraud, mistake or want of consideration, would be unquestioned. We think any defence which Torrens might make in such a case, may now be made by the defendants below in this case. As the plaintiff below claims under that contract he must now take subject to it. He cannot enlarge the obligations of Torrens.

The question raised then, by the exclusion of the evidence, is whether it would have been admissible in a suit brought by William Campbell against Torrens upon the contract. It will be observed that Torrens, had no knowledge of the liabilities of Zimmerman & Co., further than was stated or represented by William Campbell. The defendants in error offered to prove by James Dickson, who was the subscribing witness to the agreement, that before and at the time the agreement was signed, William Campbell produced a list or schedule of the debts due by Zimmerman & Co., amounting to $6733.16, as being the amount they were owing to the parties therein named, subject to be increased or decreased upon settlement of said account, and "that the list or schedule did not contain the account of Calvin Campbell, now in suit." The offer substantially was to show that Torrens's agreement was predicated of the list of demands exhibited by William Campbell, and represented to be all the debts due by Zimmerman & Co., or at least, all that the parties to the contract assumed to pay. It also appears by the evidence that the firm of Torrens & Campbell had already paid from $1500 to $2000 of the debts due by Zimmerman & Co., more than the $6600.

The authorities are clear and numerous that parol evidence may be given of what passed between the parties at and immediately before the execution of a writing, where the party was induced to execute the writing by the parol promise proposed to be given in evidence. The evidence, however, should be clear and indubitable to change the effect of the written instrument. We think the evidence clearly admissible, as it tends to show that the agreement

[Torrens v. Campbell.]

in question was entered into under the statement of one party, and the relief and confidence of the other, which negatives any obligation to pay the debt of the plaintiff below. The first assignment is therefore sustained.

The second assignment gives the specific purpose for which the evidence was then offered. We are unable to see how it would have been evidence of a conspiracy, and for that purpose it was properly rejected.

The third, fourth, fifth and sixth assignments will be considered together. The question presented is this: assuming Torrens & Campbell, by an agreement between themselves, agreed to pay the debt due to the plaintiff below, from Zimmerman & Co., can he sustain an action in his own name, against Torrens & Campbell, for the recovery thereof? It does not appear when Tiernan purchased the glass-works of Zimmerman & Co., that he purchased any of the debts due to them or agreed to pay any debts due by them. If he did not, then Torrens by the contract acquired directly from a member of the late firm of Zimmerman & Co. an interest in their assets, and assumed jointly with his partner an obligation to pay their liabilities. It does not appear what was the amount of debts which was due to the late firm of Zimmerman & Co., and of which the defendants below agreed "to become the owners," nor whether it was equal to the amount they agreed to pay. The evidence, however, does show that the defendants had collected several hundred dollars out of those assets. Nor does the written agreement distinctly show in what manner the parties were to obtain the ownership of the debts due to the late firm of Zimmerman & Co. In the absence of any specific testimony it may be reasonable to assume that William Campbell had previously become the owner of the debts due to Zimmerman & Co., and had assumed their liabilities, and that by the agreement between the defendants below they acquired assets equal to the amount of liabilities they assumed.

The general rule undoubtedly is that where the contract is for the benefit of the contracting party, and the third person is a stranger to the consideration, the action must be by the promissee: Blymire v. Boistle, 6 Watts 182; Morrison v. Beckey, Id. 349; Hubbert v. Borden et al., 6 Whar. 79; Ramsdale v. Horton, 3 Barr 330; Campbell v. Lacock, 4 Wright 448. A distinction, however, has been made where property has been put into the hands of the person sought to be charged, at the time of his agreement to pay the debt due to a third person. Hence, where Patterson & Lambdin, being manufacturers, failed and were unable to pay their workmen, and made a general assignment of their property to Holdship, who promised Patterson to pay the workmen, it was held that one of the workmen could maintain an action against Holdship: Hind v. Holdship, 2 Watts 104. It is there

[Torrens *v.* Campbell.]

said by Justice Rogers, a consideration is sufficient if it arises from any act of the plaintiff from which the defendant or a stranger derives any benefit, if such act is performed by the plaintiff with the assent, express or implied, of the defendant, or by reason of any damage or any suspension of the plaintiff's right at law or in equity ; " or any possibility of loss occasioned to the plaintiff by the promise of another." So in Beers *v.* Robinson, 9 Barr 229, it was held, where Keenan held notes taken upon a sale of his property at vendue, transferred those notes to Beers under an agreement of the latter that he would pay Keenan's debts, that one of Keenan's creditors could sustain an action upon that promise. It is true that case limits the liability of Beers to the value of the property received by him, but that is because his contract expressly so limited it. The case of Vincent *v.* Watson, 6 Harris 96, was this : Irvin owned and operated certain furnaces and ore-banks and was indebted to his workmen. He let the property to Watson & Whitaker, and sold to them all his personal property at the furnaces, and they were to collect and account to Irvin for all the debts due him at one of the furnaces. They further agreed " to assume and pay whatever domestic debts or liabilities of said Irvin they may think proper, and to be allowed for the same." They afterwards publicly declared that they had assumed and would pay all the debts of the hands and of the surrounding farmers. It was held that one of the creditors of Irvin might maintain an action against the lessees upon their assumption to pay the creditors. The same principle is recognised in Bellas *v.* Fagely, 7 Harris 273.

I understand the rule to be this, where the promissor receives money, or personal property to be converted into money, in trust for a third party, the action may be sustained in the name of the latter. The other assignments are not sustained.

Judgment reversed, and a *venire facias de novo* awarded.