# Cooper *v.* Walther, Appellant.

*Contract—Parties—Actions—Consideration.*

1. Where a contract is not made for the benefit of a third person not a party to the contract, and where such person has no interest in the consideration, he cannot maintain an action upon the contract.

2. In an action on a contract for the construction of a sidewalk it appeared that the defendants were lessees of two contiguous properties, and that the plaintiff had contracted with the owners prior to the date of the leases, and without knowledge by them, to construct sidewalks

in front of the two properties. One of the leases, which was the only one referred to in the statement of claim, and the only one offered in evidence, contained this provision: "The lessees further agree to pay for improvements already made or contracted for, or to be made on said property." The plaintiff had procured some materials for the sidewalk when the defendants refused to permit the work to go on, or to pay for the materials. *Held*, (1) that as the contract in the lease was not made with the plaintiff, nor for his benefit, and as he had no interest in the consideration, and as no money or property had been placed in the hands of the defendants for his benefit, he could not maintain the action; and (2) that even if he were entitled to recover as a party in interest, he could not recover a judgment under the pleadings for the loss incurred by him on both sidewalks.

Argued April 26, 1910.  Appeal, No. 136, April T., 1910, by defendants, from judgment of C. P.. No. 1, Allegheny Co., Sept. T., 1905, No. 821, on verdict for plaintiff in case of W. S. Cooper v. Charles L. Walther and Frederick C. Sauers.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Assumpsit for breach of a contract.  Before FORD, J.

At the trial the jury returned a verdict for plaintiff for $474.34.

On a motion for judgment for defendants non obstante veredicto, FORD, J., found the facts to be as follows:

Mary I. Gates and Annie E. Brown, respectively, owned adjoining lots fronting on Diamond street, in the city of Pittsburg.  Each of the lots or pieces of ground had a width on Diamond street of about sixteen feet.

Under date of June 13, 1904, W. S. Cooper, in writing, proposed to Joseph Painter, agent of Mary I. Gates and Annie E. Brown, to furnish all labor and material, and to erect all ironwork for the support of the sidewalk, also furnish and set sidewalk lights and lay granolithic sidewalk at building to be erected for Mrs. Gates on Diamond street, Pittsburg, according to plans furnished, for the sum of $750.  Upon June 23, 1904, the proposal was accepted by Joseph Painter.

The contract as so entered into was for the construction of a sidewalk along the properties owned respectively by Mary I. Gates and Annie E. Brown.

By articles of agreement dated July 25, 1904, between Mary I. Gates, therein called the lessor, and Charles L. Walther and Frederick G. Sauer, called the lessees, the lessor let and demised unto the lessees, from October 1, 1904, for a term of years, at a rental therein fixed, all that certain lot situate on the northerly side of Diamond street, at the easterly corner of lot of Annie E. Brown, and extending along the easterly side of Diamond street, 15.92 feet; and it was therein provided that the lessees are to have immediate possession of the lot of ground, and at their own cost and expense are to erect a substantial brick building of at least six stories; and "the lessee further agrees to pay for the improvements already made or contracted for and to be made upon said property." The plaintiff was not present at the execution of the lease, nor did he have knowledge thereof until later informed by Mr. Painter.

At the execution of the lease the contract between the plaintiff and Mrs. Gates and Mrs. Brown was mentioned, and defendants agreed to assume the contract and pay for the improvement.

In pursuance with the contract, plaintiff purchased and had the iron work ready for delivery and installation, and secured workmen to erect and place the material in position and complete the sidewalk. The ironwork was ordered from and manufactured by T. Reisik, for which plaintiff agreed to pay Reisik $370.

Subsequent to May 25 the plaintiff, being notified by Mr. Painter of the leasing of the property to defendants, and of their assuming the contract, tendered performance to Mr. Sauer, one of the defendants. Mr. Sauer replied that he would accept the material and use it in his design for a new and larger building. Thereafter plaintiff again tendered performance to Mr. Sauer and was informed by Mr. Sauer that he would be unable to use the

material, and therefore did not want it and would not pay for it. Plaintiff made no tender to, nor did he have any understanding with, Charles L. Walther, his negotiations being with Mr. Sauer. Upon Mr. Sauer's refusal to accept the material or permit performance, plaintiff sold the material to Mr. Reisik, receiving a credit of $129 on account, that being, he testified, the fair market value of the material.

The verdict of the jury was in the sum of $474.34, of which $208.90, amount paid for material, and the balance, viz.: $265.44, termed profits, was ascertained by deducting from the contract the amount, viz.: $370, agreed to be paid Reisik, together with the cost of material, cement, etc., not purchased, and the cost of labor necessary to place the material and complete the improvement.

The court overruled the motion for judgment for defendants non obstante veredicto.

*Error assigned* was the order of the court.

*U. G. Vogan*, with him *C. F. Patterson*, for appellants, cited: Adams v. Kuehn, 119 Pa. 76; Blymire v. Boistle, 6 Watts, 182; Torrens v. Campbell, 74 Pa. 470; Freeman v. R. R. Co., 173 Pa. 274.

*W. S. Maxey*, for appellee, cited: Blymire v. Boistle, 6 Watts, 182; Adams v. Kuehn, 119 Pa. 76; Hoffa v. Hoffa, 38 Pa. Superior Ct. 356; Delp v. Brewing Co., 123 Pa. 42; Freeman v. R. R. Co., 173 Pa. 274; Bruce v. Howley, 29 Pa. Superior Ct. 169.

OPINION BY HENDERSON, J., October 10, 1910:

It clearly appears from the statement of claim filed in this case that the action is not brought on account of an, indebtedness of Mary I. Gates and Annie E. Brown for the payment of which money or other valuable thing was placed by them in the hands of the defendant but for dam-

ages for a breach of the contract entered into by Joseph Painter, agent for Mrs. Gates and Mrs. Brown, which contract it is alleged the defendants assumed. The plaintiff made a proposal to Mr. Painter to construct a sidewalk in front of two lots on Diamond street in the city of Pittsburg owned respectively by Mrs. Gates and Mrs. Brown which was accepted by Mr. Painter. Before the work was commenced on the ground each of the owners leased her lot to the defendants who as it is alleged in the plaintiff's statement assumed the contract. At that time neither the owners nor the lessees owed the plaintiff anything, for the work was not then completed, and there is nothing in the evidence to show any right of action in the plaintiff until he had performed the work according to the plans. After the defendants took possession of the premises they declined to permit the plaintiff to proceed with the work; whereupon he brought this action claiming damages to the amount of the money and labor expended in the preparation of material and the profit on his contract. The plaintiff was not a party to the leases, was not present at their execution and did not consent to release the owners of the property from their contract with him and accept the defendants as substitutes. There was not a novation, therefore, or substitution of the defendants in the original contract. Mrs. Gates and Mrs. Brown were still liable to the plaintiff. The defendants had no contract relation with the plaintiff and they rely on the well-known common-law rule that no one can sue on a contract to which he is not a party. This is also the law of this state as will appear by reference to Blymire v. Boistle, 6 Watts, 182; Torrens v. Campbell, 74 Pa. 470; Hostetter v. Hollinger, 117 Pa. 606; Adams v. Kuehn, 119 Pa. 76; Delp v. Brewing Co., 123 Pa. 42, and numerous other cases. Unless the plaintiff has brought himself within the recognized exceptions to the rule pointed out in these cases his action cannot be maintained. These exceptions exist where it can be logically said that the third person although not a party to the

contract is a party to the consideration on which it rests. Where this consideration is money or other thing which is placed in the hands of the promisor for the use of the third person, title thereto passes to the latter and the promisor becomes in effect a trustee. Illustrations of these exceptions are seen where the promise to pay a debt to a person not a party to the contract has for its consideration money or property placed in the hands of the promisor for that purpose; also where property is delivered to another to be converted into money and the proceeds thereof applied to the discharge of the obligation of the owner of the property to a third person. All of the cases have for their foundation the fact that money or property had been delivered to the promisor to be used in the payment of a debt due to a third party who becomes thereby entitled to receive the thing turned over for his use or the value thereof. Where, however, the promise is made in relief of one already bound the promise by a third party to discharge the obligation being for the benefit of the original obligor the latter has a right of action to protect himself against the breach of such a promise and the liability of the third party is to him and not to the creditor on the original contract. That the third party should be liable to two actions on the same transaction was said in Kountz v. Holthouse, 85 Pa. 235, to be manifestly unjust. No money was deposited with the defendants to be paid to the plaintiff nor was any property set apart for his use. The contract set up was clearly for the benefit of the owners of the land and not for the advantage of the plaintiff. The defendants were about to erect a building on the leased lots and it was to the interest of the owners that their contract with the plaintiff be taken off their hands. This they undertook to provide for, and the defendants' inducement to enter into the arrangement was apparently the advantage which would come to them through the use of the sidewalk substructure in connection with the building which they were about to erect. There was no indebtedness of Mrs.

Gates and Mrs. Brown for which they provided by placing the property in the defendants' hands. The plaintiff might never complete his work under the contract. What the lessors desired was to transfer the unexecuted contract from themselves to the defendants. This is a very different transaction from the depositing of money or property in the hands of one who promises to deliver the same to a third person. The liability of the defendants if any exists is for their refusal to accept performance of the contract which the plaintiff entered into with the lessors. It is not for money received by the defendants for the plaintiff's use. The plaintiff has no interest, therefore, in the bargain made by the defendants with Mrs. Gates and Mrs. Brown. The authorities relied on to sustain the judgment all show that such an action can only be maintained where one person enters into a contract with another to pay money or to deliver some valuable thing to a third person on whose behalf the contract is made. The plaintiff has failed to show such a relation to the parties and cannot maintain his action.

Another objection to the plaintiff's action is that it is against the defendants for the breach of the contract as to both of the lots. It does not appear that Mr. Painter had any authority to bind Mrs. Gates for the payment of the cost of the structure to be erected on the premises of Mrs. Brown nor that he had authority to bind Mrs. Brown to the payment of the cost of work to be done on the premises of Mrs. Gates, and the lease from Mrs. Gates to the defendants set forth in the plaintiff's declaration shows very clearly that what the defendants undertook to do was to take Mrs. Gates' contract off her hands and not to assume a joint liability of Mrs. Gates and Mrs. Brown. Whatever may have been the understanding of the plaintiff in regard to the title at the time he addressed the letter of June 13, 1904, to Mr. Painter we do not find sufficient evidence in the record to warrant the conclusion that he could recover a joint judgment against Mrs. Gates and Mrs. Brown. It is expressly set forth in the state-

ment of claim that the plaintiff "demanded payment for his contract by virtue of defendants' assuming to pay the same as set forth in the lease, a copy of which is hereto attached marked exhibit 'B.'" This exhibit is the lease of Mrs. Gates to the defendants; not of Mrs. Gates and Mrs. Brown, and is for one of the lots; not for both, and the undertaking of the lessees was "to pay for the improvements already made or contracted for and to be made upon said property." It could be well said that any verbal agreement between the agent of Mrs. Gates and Mrs. Brown on the one side and the lessees on the other was reduced to writing which writing expressed the whole agreement of the parties. The lease from Mrs. Brown is not in evidence, but the lease of Mrs. Gates shows that the defendants contracted with the owners severally and not jointly. The first and fourth assignments of error are sustained.

The judgment is reversed.