# System Company to use, Appellant, *v.* Lycoming Foundry & Machine Company.

*Actions—Parties—Contracts.*

While it is the general rule that no one can sue on a contract to which he is not a party, the rule is not applicable where property has been put into the hands of another by a debtor for the purpose of discharging a debt due to a third person. In such a case the creditor is held to be a party to the consideration, and the contract is for his benefit to the extent of his interest.

Argued March 1, 1911.   Appeal, No. 1, Feb. T., 1911, by plaintiff, from order of C. P. Lycoming Co., June T., 1909, No. 125, discharging rule for judgment for want of a sufficient affidavit of defense in case of System Company to use of Everett Rose v. Lycoming Foundry & Machine Company.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Reversed.

Assumpsit for money had for the plaintiff's use.

Rule for judgment for want of a sufficient affidavit of defense.   Before HART, P. J.

The court discharged the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*M. C. Rhone,* with him *A. R. Jackson,* for appellant.— We contend that under the laws of Pennsylvania the plaintiff is entitled to maintain this action: Beers v. Robinson, 9 Pa. 229; Vincent v. Watson, 18 Pa. 96; Bellas v. Fagely, 19 Pa. 273; Wynn's Administrator v. Wood, 97 Pa. 216; White v. Thielens, 106 Pa. 173; Zell's App., 111 Pa. 532; Dreer v. Pennsylvania Co., for Insurance, etc., 108 Pa. 226.

*Seth T. McCormick,* for appellee.—No one can sue on a contract to which he is not a party: Adams v. Kuehn, 119

Pa. 76; Blymire v. Boistle, 6 Watts, 182; Campbell v. Lacock, 40 Pa. 448; Torrens v. Campbell, 74 Pa. 470; Morgan Engineering Co. v. McKee, 155 Pa. 51; Freeman v. R. R. Co., 173 Pa. 274; Cooper v. Walther, 44 Pa. Superior Ct. 298.

OPINION BY HENDERSON, J., April 17, 1911:

There is no dispute in regard to the facts in this case. The defense presented in the affidavit of defense is one of law. The facts pleaded are substantially these: The Universal Polygraph Company was the owner of an equity in 150 shares of the capital stock of the par value of $100 each of the N. Waldo Harrison Company; it was at the same time indebted to various creditors to the amount of about $3,000; by an agreement in writing dated October 30, 1908, it assigned to the defendant company its interest in the 150 shares of stock of the Harrison company above referred to, in which assignment the fact and amount of the indebtedness of the polygraph company are recited; the consideration for the assignment of the said shares was $1.00 paid by the defendant and the assumption of the debts of the said polygraph company to the extent of $3,000 which the defendant agreed to pay; the plaintiff's claim was one of the debts so assumed. The defendant contends that it has had no contract relation with the plaintiff and that the action cannot be maintained. It is not now to be doubted that the common-law rule that no one can sue on a contract to which he is not a party is also the law of this state. It was so declared in Blymire v. Boistle, 6 Watts, 182, and in many succeeding cases. It became necessary to recognize certain exceptions to this rule, however, in order that manifest injustice might be avoided. One of these exceptions exists where property has been put into the hands of another by a debtor for the purpose of discharging a debt due a third person. In such a case the creditor is held to be a party to the consideration and the contract is for his benefit to the extent of his interest: Beers v. Robinson, 9

Pa. 229; Vincent v. Watson, 18 Pa. 96; Torrens v. Campbell, 74 Pa. 470; Dreer v. Penna. Co. for Ins. etc., 108 Pa. 226; Cooper v. Walther, 44 Pa. Superior Ct. 298. And the same principle is affirmed in Adams v. Kuehn, 119 Pa. 76, on the authority of which the court below discharged the rule for judgment. It was there said: "Among the exceptions are cases where the promise to pay the debt of a third person rests on the fact that money or property is placed in the hands of the promisor for that particular purpose. Also where one buys out the stock of a tradesman and undertakes to take the place, fill the contracts and pay the debts of his vendor. These cases as well as the case of one who receives money or property on the promise to pay or deliver to a third person are cases in which the third person although not a party to the contract may be fairly said to be a party to the consideration on which it rests." In that case the judgment was reversed, the court holding that the action could not be maintained, but this was because no fund was provided for the payment of the plaintiff's debt and no property was set apart for his benefit. The note on which Adams obtained judgment and sold the property was given for the purpose of covering indorsements made by him for the firm. This being the case there could be no right of action in favor of the creditor even if there had been a promise by Adams to pay the debts of Weaver Brothers. The agreement sued on, if made, was wholly for their benefit. But we have in the case before us an entirely different state of facts. There is no denial that the defendant received the interest of the polygraph company in the stock of the Harrison company and the assignment shows that the money consideration for the transfer was nominal and that the actual consideration was the payment of the debts of the polygraph company. The property placed in the defendant's hands was presumably of a value which justified the defendant in assuming the debts, and the case is one of property placed by a debtor in the hands of another person to be used for the discharge of such indebtedness. It is, therefore, within the exception to

the general rule. The authorities above recited all sustain this conclusion. The defendant received the debtor's property and promised to use it for the payment of the latter's debts. The plaintiff's claim is one of the debts which the defendant agreed to pay. The law sustains an action on the part of the creditor under such circumstances against the person who has become in a sense a trustee for the payment of money to him.

The judgment is reversed, the rule is reinstated and the record remitted to the court below with instructions to enter judgment in favor of the plaintiff unless other cause be shown to the contrary.