## Grossman & Atkins v. King Joy Restaurant, Inc.

*Contract—Guaranty—Promise to pay debt of another.*

1. Where a debt already exists from one person to pay another, a promise by a third person to pay such debt cannot be enforced by the debtor who is not a party to the agreement, unless the transaction is accompanied by a transfer of property or funds to the promissor with which to pay the debt.

2. It is a general rule that no one can maintain an action in his own name upon a contract to which he is not a party.

Affidavit of defense raising questions of law. C. P. No. 5, Phila. Co., Dec. T., 1927, No. 2565.

*H. Goodfriend*, for plaintiffs; *R. H. Woolsey*, for defendant.

MARTIN, P. J., March 2, 1928.—This is an action of *assumpsit*. Plaintiffs filed a statement of claim, averring that defendant operates a restaurant at the southeast corner of 12th and Chestnut Streets, in the City of Philadelphia, and entered into a contract with William Ferris to make alterations in the building; that Ferris engaged plaintiffs to furnish labor and materials and perform plumbing work in the course of the alterations; that plaintiffs' claim amounted to $695, and demand was made upon Ferris and the defendant for payment; that upon the refusal to pay, plaintiffs threatened to file a mechanics' lien against the premises; that defendant and Ferris entered into a written agreement, the execution of the agreement by defendant being in consideration of and induced, *inter alia*, by plaintiffs forbearing to enforce their alleged right of action against the premises of defendant and against Ferris; that by the terms of the agreement, a copy of which is attached to the statement of claim, defendant agreed to pay bills of five sub-contractors engaged by Ferris, the amounts of the payments to be credited against the

balance due to Ferris—Grossman & Atkins, for plumbing, amounting to $695, was one of the bills specified. It is averred in the statement of claim that as no time was stipulated for payment of the claims of the sub-contractors, they became due and payable within a reasonable time, or sixty days, after the date of the contract between Ferris and the defendant. In the agreement Ferris agreed to do certain work, all of which work and material he was to supply and perform within ten days from the date of the agreement, with certain stipulated exceptions.

Ferris and defendant having failed to pay plaintiffs, suit was instituted.

Defendant filed an affidavit of defense raising a question of law, that the statement of claim is based upon a contract between William Ferris and the defendant, to which contract the plaintiffs are not parties or privy; nor is the contract made for their benefit, nor was the primary purpose of the contract for the benefit of the plaintiffs.

Plaintiffs are not parties to the contract between Ferris and the defendant; no fund was placed in the hands of defendant to pay plaintiffs' claim; and plaintiffs are not the only persons in interest. The contract was made for the benefit of Ferris, the original contractor; and the statement of claim does not aver that the work he agreed to do was performed and completed.

The case is governed by the rule announced in Blymire v. Boistle, 6 Watts, 182, that "when a debt already exists from one person to another, a promise by a third person to pay such debt, being for the benefit of the original debtor, and to relieve him from the payment of it, he ought to have a right of action against the promisor for his own indemnity; and if the promisor were also liable to the original creditor, he would be subject to two separate actions at the same time, for the same debt, which would be inconvenient and might lead to injustice."

This principle is reiterated in Adams v. Kuehn, 119 Pa. 76, which has been followed as late as the case of Greene County, to use, etc., v. Southern Surety Co., in the Supreme Court of Pennsylvania, as of March Term, 1927, No. 160 [292 Pa. 304]. In this last case Judge Kephart stated: "Unless the transaction is accompanied by a transfer of property or funds to the promisor, or by unusual circumstances, there are very few instances where recovery has been permitted to a donee beneficiary."

Referring to Brill v. Brill, 282 Pa. 276, he said: "The question was one of public policy. The father, admitting an illegitimate child to be his own, was in duty bound to care for it, and his bond in whatever amount necessary should be sustained against him as a matter of public policy."

After commenting upon Professor Williston placing Pennsylvania in the doubtful column as to enforcing such promises, Judge Kephart states: "But the undoubted weight of authority follows the principles laid down in Blymire v. Boistle, supra," and cites numerous cases.

"One difficulty," he adds, "in enforcing a promise exacted for the sole benefit of a third person comes from the fact that the beneficiary is not a party to the contract, and ordinarily, apart from statute or some principle governing this class of cases, he cannot maintain an action. Moreover, the promisee, though entitled to sue on the promise on ordinary principles of contract, has suffered no pecuniary damages by the failure of the promisor to perform his agreement, and, it would seem, cannot recover substantial damages. . . . The promise is for the relief of the promisee, from whom the consideration moves; the subject-matter of the latter may be in the possession of the promisor when he agrees to perform some act for the benefit of a third person, and as no fund, property or means of payment is transferred

to the promisor, no action should be permitted; no title, equitable or otherwise, or interest to such fund or property passes to the third person as beneficiary. He is a stranger to the contract, having paid no part of the consideration moving to the promisor. . . . In all the exceptions to the general rule, there is primarily considered the basis or underlying promise from one to another to render some service to a third person. To this is added an additional circumstance which increased the promisor's estate, or means were placed with him to accomplish the promise; for illustration, a transfer of property or fund to the promisor. . . . If a lack of privity of contract seems to stand in the way, it should not affect the equitable right, and, as Judge Simpson points out in Tasin v. Bastross, *supra*, with us equity is often administered in courts of law through actions of *assumpsit*. But our decisions are too numerous the other way, and it would seem the legislature is the only authority that could possibly change the rule. The rule is one of substantive law and not merely one of procedure. . . . Our conclusions may be summarized as follows: Under the general rule stated in Blymire v. Boistle, *supra*, and followed for almost a century, where the contract is for the benefit of the promisee, or, in other words, where the third person is a creditor beneficiary, there can be no recovery. In the case of a donee beneficiary, or where the contract is made for the sole benefit of a third person, there may be recovery only where the consideration for the promise is a transfer of property or money to the promisor, or where unusual circumstances are present."

Plaintiffs do not come within any of the exceptions to the general rule that no one can maintain an action in his own name upon a contract to which he is not a party: First M. E. Church v. Isenberg, 246 Pa. 221.

And now, to wit, March 2, 1928, the affidavit of defense raising a question of law is sustained.