## ELIZABETH HOSTETTER v. JOHN H. HOLLINGER.

ERROR TO THE COURT OF COMMON PLEAS OF LANCASTER COUNTY.

Argued May 16, 1887—Decided January 3, 1888.

1. Where, upon an agreement between them, A. and B. have placed in the hands of C. each a certain sum, and C. was to contribute a like sum, the fund created to be wholly for the benefit of D. then in ignorance of the arrangement, and the control of it entirely relinquished by the contributors, D. may sustain an action in his own name against C. to enforce payment of the fund to him.

2. Trusts which are not affected by the statute of limitations are only those technical and continuing trusts over which chancery has exclusive

Statement of Facts.

jurisdiction; and where a fund has been received to be paid to a particular person or to be applied to a particular purpose, an action by the beneficiary to enforce payment or application is within the operation of the statute.

3. To toll the bar of the statute, a promise to pay must be unequivocal and absolute, an acknowledgment, clear and definite and consistent with such a promise, and in either case made to the owner of the right of action or to his agent in that behalf.

4. Where an action is brought by a beneficiary to recover a fund created by contributions for his benefit, a promise or acknowledgment made to a contributor not the agent of the plaintiff is of no effect against the bar of the statute.

Before MERCUR, C. J., GORDON, TRUNKEY, GREEN and CLARK, JJ.; PAXSON and STERRETT, JJ., absent.

No. 14 January Term 1887, Sup. Ct.; court below, No. 25 October Term 1884, C. P.

On September 20, 1884, Henry M. Baer, administrator of Maria Baer, deceased, brought assumpsit against Elizabeth Hostetter, executrix of Henry Hostetter, deceased. Soon afterward, the discharge of Henry M. Baer, administrator of Maria Baer, was suggested, and John H. Hollinger, administrator d. b. n., substituted. The declaration was in the common counts, and the pleas, non assumpsit infra sex annos and payment with leave.

At the trial on February 3, 1885, it was shown: That Maria Baer had gone into the family of John Hostetter, the father of John S., Jacob and Henry, in 1822. Before the father died, which was in 1846, he said he would have to appropriate $1,000 for Maria's use, but he made no will. After his death, his said sons arranged to set apart that sum for said purpose. John S. paid his share, $334, to Henry, in 1847; Jacob paid to Henry the same amount, in 1854. Henry was to contribute a like amount.

Henry Hostetter died October 1, 1881. A little over a year before he died John S. Hostetter met him in Lancaster; " Q. What did he say? A. He said Maria must have that money of course. I asked him, supposing she died, and he said, well, her brothers would get it. Q. Did he say how much the money was? A. A thousand dollars. He argued this way: As long as Maria could work, she didn't need it; but I

told him, he knows what father's will was; but his idea of it was, if she should need it, he would pay it. Q. State whether or not your brother Henry told you that Jacob had given his share. A. Yes, sir; I saw the receipt; I had the receipt; they showed me the receipt." The witness, being recalled, was examined further: " Q. State whether or not this money was to be used for her support in her old age. A. If she got in the circumstances to need it. Q. That was the inducement that led you to give him the money? A. Of course." Samuel Hostetter, a son of John S., testified that in 1863 or 1864 his mother asked Henry Hostetter in witness's presence whether he still had the $1,000 that belonged to Maria Baer; he said he had. Witness had a conversation with Henry in November, 1880: " Q. What did he say? A. He said he still had it. Q. How much did he say it was? A. One thousand dollars. Q. He said she would get it some time? A. Yes, sir." Maria Baer died July 17, 1884.

The court, D. W. PATTERSON, J., instructed the jury that if they found that the fund of $1,000 was created by direction of John Hostetter, communicated to his sons, and his sons, in obedience to that direction, provided this fund, John and Jacob paying into Henry's hands, and if they found that the money was still in Henry's hands when he died, they should find for the plaintiff; that it was doubtful whether the fund would carry interest; that, according to the testimony, the fund was to be for the support of Maria Baer when she became advanced in life; that, dying at the age of 73, she might have demanded it before she arrived at that age, but there was no evidence that she was ever informed of the existence of the fund:

Therefore, if you believe the testimony of the plaintiff in regard to the provisions of this fund of $1,000 out of the estate of old Mr. John Hostetter and by his directions, and believe that Henry never paid it out of his hands, then we instruct you to find for the plaintiff; not to add any interest before Henry's death, but since Henry's death, to make it up to this date, and render that verdict, and the other party can move for a new trial, when on the argument, the law and the equity of the case will be presented before the court in banc, and if any mistake has been made in regard to the law or the

admission of testimony it will there be corrected. You may render your verdict, if you believe that testimony, in favor of the plaintiff for $1,260.

The verdict of the jury was for $1,260 in favor of the plaintiff. A motion for a new trial having been argued and refused, judgment was entered upon the verdict. Thereupon the defendant took this writ, assigning for error, inter alia, the instruction to the jury to find for the plaintiff.

*Mr. Marriott Brosius* (with him *Mr. A. H. Fritchey*), for the plaintiff in error :

1. If any liability existed it was of thirty years standing, and the statute of limitations was a complete bar, unless tolled by an acknowledgment and promise within six years. This was not a trust of that character which enjoys immunity from the bar of the statute : Lyon v. Marclay, 1 W. 271; Finney v. Cochran, 1 W. & S. 112; Barton v. Dickens, 48 Pa. 518; Zacharias v. Zacharias, 23 Pa. 452; Fleming v. Culbert, 46 Pa. 498; Ashhurst's App., 60 Pa. 290; Etter v. Greenawalt, 11 W. N. 148. The statute begins to run from the time the right of action accrues, not from the time when notice is given of the receipt of the money, unless there is fraudulent concealment: Campbell v. Boggs, 48 Pa. 524; Downey v. Garard, 24 Pa. 52; Zacharias v. Zacharias, 23 Pa. 452. Mere silence or concealment by the debtor without affirmative misrepresentations will not toll the bar of the statute : Sankey v. McElevey, 104 Pa. 265.

2. To take a case out of the statute of limitations, there must be a clear and definite acknowledgment of the debt, a specification of the amount and an unequivocal promise to pay, or an admission consistent with a promise to pay : Miller v. Baschore, 83 Pa. 356; Harbold v. Kuntz, 16 Pa. 210; Landis v. Roth, 109 Pa. 621; Wesner v. Stein, 97 Pa. 322; Wambold v. Hoover, 16 W. N. 327. To be consistent with a promise to pay, the acknowledgment must be such as indicates an intention to pay absolutely and without conditions, and any language inconsistent with such intention is inconsistent with a new promise : Senseman v. Hershman, 82 Pa. 83; Shaeffer v. Hoffman, 113 Pa. 1; Kensington Bank v. Patton, 14 Pa. 479; Lawson v. McCartney, 104 Pa. 356.

3. And an acknowledgment to toll the bar of the statute must be made to the creditor or his agent: Butt v. Stoner, 2 Penny. 154; Kyle v. Wells, 17 Pa. 286; Wesner v. Stein, 97 Pa. 322; Gillingham v. Gillingham, 17 Pa. 302; McKinney v. Snyder, 78 Pa. 497.

4. In any event, there could be no recovery under the pleadings for more than the two sums, $334 each, placed in the hands of Henry Hostetter by his brothers, John S. and Jacob.

*Mr. J. Hay Brown* (with him *Mr. J. B. Amwake*), for the defendant in error:

In the testimony of John S. Hostetter and Samuel Hostetter is found evidence of a clear, distinct, and unequivocal acknowledgment of the debt; an admission consistent with a promise to pay; and this is sufficient to take the case out of the statute of limitations: Palmer v. Gillespie, 95 Pa. 340; Johns v. Lantz, 63 Pa. 374; Watson v. Stem, 76 Pa. 121; Senseman v. Hershman, 82 Pa. 83. This acknowledgment was not made to a stranger, but to one of the three contributors to the fund, who knew Henry Hostetter had the money and had the right to inquire about it. Kyle v. Wells, 17 Pa. 286, and Wesner v. Stein, 97 Pa. 322, and that class of cases, have no application.

OPINION, MR. JUSTICE CLARK:

If it be true, as alleged, that John S. and Jacob Hostetter each placed in the hands of their brother, Henry Hostetter, the sum of $333.33⅓ upon the agreement of Henry that he would contribute a like sum to the fund, making in all $1,000, for the use of Maria Baer, the law would perhaps give effect to the intention of the parties and create a binding obligation upon Henry to apply the money according to the agreement. The contract being in furtherance of a common purpose, the promise and payment of the money in pursuance of it by John and Jacob, would be a sufficient consideration for Henry's promise, and he could not recede from it without the consent of all.

Although Maria Baer was not a party to the consideration, and was in some sense a stranger to the contract; although she may not even have known of the transaction between the

three brothers, yet, if the contract was wholly for her own benefit; if the control of the fund was wholly relinquished by the parties creating it, and Henry Hostetter acted, or assumed to act, as her agent in receiving and holding it, so that the ownership of the fund vested in her, she might maintain an action in her own name when she became informed of the facts. It is well settled in a series of decisions, that he for whose benefit a promise is made, may maintain an action upon it, although no consideration pass from him to the defendant, nor any promise from the defendant directly to the plaintiff: See Hind v. Holdship, 2 W. 104. As a general rule, a plaintiff cannot enforce a contract to which he is a stranger, yet a defendant cannot withhold property of the plaintiff merely because he received it from a third person. This is too plain for argument when the title was originally in the party who brings the suit, and equally true when the transaction confers a title: Hare on Cont., 193; Townsend v. Long, 77 Pa. 143; Justice v. Tallman, 86 Pa. 147. When the contract is for the benefit of the contracting party, however, and the third person is a stranger to the consideration, the rule is otherwise, and the action must be in the name of the former: Blymire v. Boistle, 6 W. 182; Torrens v. Campbell, 74 Pa. 470; Kountz v. Holthouse, 85 Pa. 235.

But the statute of limitations was certainly a bar to the plaintiff's recovery, unless tolled by an acknowledgment of the debt or a promise to pay it within six years. It may be conceded that the obligation of Henry Hostetter to Maria Baer was in the nature of a trust; but the remedy for recovery of the money was at law, and the trusts which are not affected by the statute of limitations are only those technical and continuing trusts over which chancery has exclusive jurisdiction. A person who receives money to be paid to another, or to be applied to a particular purpose, and does not pay it to the person or apply it to the purpose intended, is within the operation of the statute of limitations: Lyon v. Marclay, 1 W. 271; Finney v. Cochran, 1 W. & S. 112; Zacharias v. Zacharias, 23 Pa. 452; Fleming v. Culbert, 46 Pa. 498. There is no proof of any fraudulent concealment, much less of any fraudulent act or misrepresentation on the part of Henry Hostetter, and we cannot presume fraud without proof. For anything

that appears, Maria Baer may have been fully informed of all the facts from the first. The statute of limitations began to run from the time the right of action accrued thirty years ago, and there was certainly no sufficient proof of any acknowledgment or new promise within six years to take the case out of the statute. John S. Hostetter testified that Henry told him, a year before he died, which was in 1881, that if Maria should need the money (it was one thousand dollars) he would pay it; but as long as she could work she didn't need it. He also testified that the money was payable any time that it was to be used for her support in her old age, if she got into circumstances to need it, and that Henry said, if she died her brothers would get it, or would be glad of it. Samuel Hostetter testified that in November, 1880, Henry told him he had it ($1,000), and that she would get it some time. Now, Samuel Hostetter was an entire stranger to the transaction; he did not pretend to represent Maria Baer, and an acknowledgment or promise made to him was in the law of no effect; and as John S. Hostetter had wholly relinquished his right to the money, we cannot see that he stood in any relation to Maria Baer which would give efficacy to Henry's alleged acknowledgment and promise to him. Besides, the promise, as he states it, was coupled with a condition. It was not an unequivocal and absolute promise to pay, nor a clear and definite acknowledgment consistent with such a promise; he coupled the promise with a condition that as long as she was able to work she did not need the money, and arrogated to himself to decide when her necessities should arise.

As the money was in Henry Hostetter's hands for her use, "payable at any time," "she got in circumstances to need it," it was payable on demand; the statute began to run from the time she had a right to make the demand, and, in the absence of any proper acknowledgment or promise within six years, the plaintiff's right was barred. In this view of the case it is not necessary to consider the remaining assignments of error.

The judgment is reversed.