# Kase, Appellant, *v.* Burnham.

*Appeals—Assignments of error—Findings of fact and law.*

An assignment of error which includes the rulings of the judge below on a large number of different requests for findings of fact and law is in total violation of the rules of court, and will not be considered.

*Corporations—Bonds—Ownership of bonds—Evidence—Equity.*

A bill in equity to recover the bonds of a corporation cannot be sustained where the plaintiff fails to show ownership of the bonds in himself, and merely shows that the bonds were issued to him as an officer of the corporation to be used in making purchases or raising funds for it.

A bill in equity filed by a person as owner of collateral to recover the collateral on the ground that the debt secured by it had been paid in full cannot be sustained, where it appears that the suit was not brought until

twenty-six years from the time the right of action accrued, and that the delay was due to plaintiff's difficulty in establishing his title to the collateral as against another party. In such a case equity follows the law as to barring the action.

Argued March 24, 1903. Appeal, No. 234, Jan. T., 1902, by plaintiff, from decree of C. P. No. 1, Phila. Co., June T., 1899, No. 657, dismissing bill in equity in case of J. Hervey Kase et al., Executors of Simon P. Kase, Deceased, v. George Burnham et al., Surviving Partners of M. Baird & Company. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity to recover bonds of a corporation.
The court dismissed the bill.

*Errors assigned* were (1–3) in overruling the plaintiffs' request for findings of fact and law, and affirming defendants' request for findings of fact and law, quoting the requests in full; (2) in excluding the record of a suit between plaintiff and a corporation as evidence of ownership of the bonds.

*Carrie B. Kilgore* and *James Scarlet*, for appellants.

*James Wilson Bayard* and *John G. Johnson*, for appellees.

PER CURIAM, May 25, 1903:
The first and third assignments of error are in total violation of the rules of court, as each of them includes the rulings of the judge below on a large number of different requests for findings of fact and law. The second assignment is to the rejection of the record of the suit between Kase and the Danville, Hazleton & Wilkes-Barre Railroad Company, as an evidence of the title of Kase to the bonds now in controversy. This record was so plainly res inter alios acta that its exclusion does not require discussion, and we might well dismiss the appeal without further notice.

But to put an end to this protracted and useless litigation it may be well to add a few words on the general merits.

This is a bill filed in 1899 to recover certain bonds pledged by plaintiff in 1870 as security for promissory notes due to the

predecessors of defendants for locomotives furnished to the Danville, Hazleton & Wilkes-Barre Railroad Company. The first step of course was for the plaintiff to prove his ownership of the bonds, and this there was an utter failure to do. So far as can be ascertained from this very defective and disorderly paper-book, the bonds were issued to Kase as an officer of the railroad company, to be used in making purchases or raising funds for it, and in this particular instance, they were pledged as security for a debt of the company. Prima facie, therefore, they were the bonds of the company and not of the plaintiff.

The transactions, however, between Kase and the railroad company were complicated, and led to a protracted litigation finally resulting in 1898 in a decree which, however, was res inter alios acta as to the present case, and there was no other evidence of plaintiff's title.

But plaintiff's case was equally defective in another respect. He sued as owner of collateral, to recover it on the ground that the debt secured by it had been paid in full. If the facts were so he had a good cause of action at law. If he had brought suit at law he would have been barred by the statute of limitations, and the lapse of twenty-six years was equally fatal in equity unless clearly excused. The excuse offered was the litigation over the title with the railroad company. This excuse was inoperative in any respect as against defendants. It amounted to no more than that during the long interval plaintiff's title was doubtful or difficult to prove. This was no fault of defendants, and no reason why they should be called upon to answer, after such lapse of time with its changes in the partnership, death of parties and witnesses and loss of documentary evidence. As already said they took the bonds, prima facie belonging to the railroad company, as security for a debt admittedly owing by the company. When they sold the notes to the Pennsylvania Railroad Company as lessee of the debtor company and transferred the collateral to the purchaser, there was nothing to give them notice that the transaction was not in every way regular and legal. Being without fault in that respect there was nothing to prevent the operation of the statute of limitations in their favor, and in such cases equity follows the law.

Decree affirmed with costs.