## DORSEY v. GUNKLE.

Under Rev. Code Civ. Proc. 1903, § 79, providing that no acknowledgment or promise is sufficient evidence of a new or continuing contract to take the case out of the bar of the statute unless it be contained in some writing signed by the party to be charged, a letter from one of the joint makers of a note to the other maker, inclosing a draft for $100 payable to him, stating that this was the $100 for the note, and sent in reply to a letter from him saying that he could settle for $100, will not toll the statute; any acknowledgment or promise therein not being made to the creditor or one authorized to act on his behalf, as is necessary.

(Opinion filed October 19, 1904.)

Appeal from county court, Minnehaha county; Hon. DANA R. BAILEY, Judge.

Action by Louise B. Dorsey against Fred W. Gunkle. Judgment for defendant. Plaintiff appeals. Affirmed.

*U. S. G. Cherry*, for appellant.

Where an acknowledgment or new promise is made to a third person with the intention that it shall either be communicated to or shall influence the creditor, such an acknowledgment or new promise is just as effective to prevent the bar of the statute as if made directly to the creditor.    DeFresst v. Warner, 98 N. Y. 217; Bennett v. Everett, 3 R. I. 152; Stewart v. Garrett, 65 Md. 392; Croman v. Stull, 119 Pa. St. 91; Daniels v. Johnson, 129 Cal. 415; Palmer v. Butler, 36 Ia. 576; Adams v. Orange County Bank, 17 Wend. 514; McRea v. Purmont, 30 Am. Dec. 103; Erwin v. Lowry, 2 La. An. 314; In re Kendrick, 107 N. Y. 104; Crisswell v. Crisswell, 56 Pa. St. 130; Bachman v. Roller, 40 Am. Rep. 97; Parker v. Remington, 15 R. I. 300; Whitney v. Bigelow, 4 Pick. (Mass.) 109; Miller v. Teeter, 53 N. Y. Eq. 262, 31 At. 394.

*Kittredge, Winans & Scott*, for respondent.

An admission that the debt in question was once due accompanied by a claim that it has been in some way satisfied is not sufficient to repel the statute, even though it be clearly shown that the debt was never satisfied in such a way or at all. Am. and Eng. Enc. of Law, (2nd Ed.), Vol. 19, page 302;  Bell v. Rowland, 3 Am. Dec. 729.

An acknowledgment of the original justice of the claim is not sufficient.    In order to take the case out of the statute it must admit that the debt continues at the time of the acknowledgment.    Wood on Limitations, Vol. I.,  page 187  and note; Clementson v. Williams (U. S.), 8 Cranch 72; Nelson  v. Becker, 48 N. W. 962; Riggs v. Roberts, 39 Am. Rep. 692; Pritchard v. Howell, supra; Melick v. D'Seelhurst, 12 Am. Dec. 172; Wakeman v. Sherman, 9 N. Y. 85; Bangs v. Hale, 2 Pick. 398; Cross v. Connor, 14 Vt. 394; Ayres v. Richards, 12 Ill. 146.

An acknowledgment within the statute to support an implied promise must be a distinct, unqualified and unconditional admission of the debt which the party is liable and willing to pay. Such an acknowledgment cannot be deduced from an offer or promise to pay a part of the debt, or the whole debt in a particular manner, or a specific time, or upon specific conditions. McCormick v. Brown, 36 Cal. 180; Pierce v. Merril, 128 Cal. 473; Wald v. Arnold, 168 Mass. 134.

Such an offer cannot be extended by implication or presumption beyond its terms. White v. Dow, 23 Vt. 300; Eckert v. Wilson (Pa.), 12 Serg. & R. 393; Oliver v. Gray (Md.), 1 Har. & G. 204; Smallwood v. Smallwood, 19 N. C. 330; Denney v. Marrett, 13 N. W. 148; Johnson v. Johnson, 5 S. E. 629; George W. Helm Co. v. Griffin, 16 S. E. 1023; Dickerson v. Sutton, 40 Ill. 403; Turner v. Martin, 27 N. Y. Supr. Ct. 661; Weaver v. Weaver, 54 Pa. 152.

FULLER, J. That the bar of the statute of limitations has been removed by a subsequent written acknowledgment of the debt, evidenced by a promissory note upon which the action was instituted, is the only question presented by this appeal.

In addition to the defense of usury and the statute of limitations, the defendant alleges "that he has paid to E. P. Heizer, one of the makers of said note, a sum sufficient to pay the full amount lawfully due thereon, with express instruction to said E. P. Heizer that the same be used for the payment of said note, and alleges, on information and belief, that said note has been fully paid." The undisputed evidence shows that no part of the note has ever been paid by either party, and that the foregoing allegation relates to a remittance of $100 inclosed

in a letter written by the defendant to Heizer, the joint maker of the note and a resident of Sioux City, Iowa. By due course of mail, and after the statutory bar had become effective, this letter was sent from Sioux Falls, where the defendant resides, to Mr. Heizer's address in Sioux City, but he never acknowledged the receipt of the same, and apparently failed to inform the plaintiff that he had received such remittance and communication pertaining to the note. Neither the letter nor the draft made payable to Heizer was produced at the trial or accounted for, but, concerning the same, the defendant testified on cross examination in part as follows: "Q. Did you instruct him to apply it on the note? A. I stated, 'There is the $100 for that note'—not to apply it on the note, but for the note. Q. Do you remember anything else you said in the letter? A. No, sir; a straight business letter. Q. Did you tell him to send your letter or deliver your letter to the holder of the note? A. No, sir, I sent this draft on a letter from him stating that he could settle for $100."

By the enactment of the following provision, our Legislature has specified what is necessary to the statutory bar: "No acknowledgment or promise is sufficient evidence of a new or continuing contract, whereby to take the case * * * out of the operation of this chapter, unless the same be contained in some writing signed by the party to be chraged thereby." Section 79, Rev. Code Civ. Proc. 1903. If the new or continuing contract must contain an acknowledgment of the indebtedness or promise to pay the same, and be signed by the party to be charged thereby, it is evident that no such instrument appears in the record. No claim is made that the plaintiff ever authorized Heizer, the joint maker of the note, to accept from

the defendant on her behalf any money, acknowledgment of the indebtedness, or promise to pay the same. To take the case out of the statute, there must be a new or continuing contract signed by the debtor, and accepted by the creditor or his authorized agent. Were we to assume that an acknowledgment or promise might be gathered from the record, it would still be necessary to concede that it was made by a debtor to his joint obligor, and not to the creditor or anyone authorized to act on her behalf. Construing a similar statute in Hostetter v. Hollinger, 117 Pa. 606, 12 Atl. 741, in conformity with the universal doctrine, that court say: "To toll the bar of the statute, a promise to pay must be unequivocal and absolute, an acknowledgment clear and definite and consistent with such a promise, and in either case made to the owner of the right of action, or to his agent in that behalf." The following decisions are directly to the point that in order to constitute a new or continuing contract the acknowledgment or promise must be made in writing to the creditor, or his agent, over the signature of the debtor, and be direct and unqualified: Pierce v. Merrill, 128 Cal. 473, 61 Pac. 67, 79 Am. St. Rep. 63; Wachter v. Albee, 80 Ill. 47; Niblack v. Goodman, 67 Ind. 174; Trousdale's Adm'r v. Anderson, 9 Bush. 276; Hussey v. Kirkman, 95 N. C. 63; Taylor v. Hendrie, 8 Nev. 243; Sibert v. Wilder, 16 Kan. 176, 22 Am. Rep. 280. By sleeping upon her rights plaintiff confessedly lost her remedy, and the record discloses no acknowledgment or promise sufficient to take the case out of the statute.

The judgment appealed from is affirmed.