FARMERS' SHIPPING ASSOCIATION OF SINAI,
Respondent, v. NORDGREN, Appellant.

(227 N. W. 576.)

(File No. 6546. Opinion filed November 26, 1929.)

*James O. Berdahl,* of Sioux Falls, for Appellant.
*Cheever, Collins & Cheever,* of Brookings, for Respondent.

FULLER, C. This is an action by the Farmers' Shipping Association of Sinai, a corporation, against C. C. Nordgren upon a promissory note. The trial resulted in the direction of a verdict for the plaintiff, and defendant appeals from judgment accordingly entered and from order overruling motion for new trial.

The note described in the complaint was dated July 30, 1920, and made payable November 1, 1920, in the sum of $190, with interest at the rate of 8 per cent per annum until due and at 12 per cent per annum after maturity. The first defense stated in the answer is that the note was given without consideration. But we find nothing in the record to contradict the presumption of consideration, and, upon the contrary, it seems well established that the note represented, and was given for, the exact amount due from defendant to the plaintiff on account of an assessment upon two shares of stock held by the defendant in the plaintiff corporation. It is also alleged by way of counterclaim that, prior to April 13, 1917, the defendant delivered to plaintiff for storage 123 bushels and 20 pounds of wheat; that, upon the last named date, defendant directed plaintiff to sell the wheat; that the reasonable value of the same was then $3.51 per bushel, for which plaintiff had refused and neglected to make payment. Also that, prior to said date, defendant had delivered to plaintiff 60 bushels and 25 pounds of barley; that defendant had directed plaintiff to sell the same; that the reasonable value thereof was $1.02 per bushel; and that no payment therefor had been made.

Defendant further alleges that, at the time he signed the note described in plaintiff's complaint, it was agreed between the parties that settlement would be made by plaintiff on account of the above-mentioned grain before payment of the note should be required. To this answer the plaintiff by way of reply alleged that the cause of action for the value of the above-mentioned grain accrued more than six years before the commencement of this action, that the same was barred by the statute of limitations. Besides evidence sufficient to establish the fact of delivery of the above-mentioned grain by defendant to plaintiff and the value thereof and non-payment for the same, the defendant offered his testimony that, when he signed the note, he told the officers of plaintiff association to take the amount of the stock assessment, for which the note was

given, out of the money due him for the wheat; this testimony being stated as follows:

"When I told them to take the assessment out of the wheat, because I had my account all paid up, they said they did not know how much it amounted to and I wanted them to take it, let it go until they found out and then take it out of that because I did not like to have that lawsuit about the statute of limitations by being outlawed, and then Mr. Halvorson said it should never be outlawed; that should not be considered at that time, and afterwards too. That was referring to my wheat account. I would not have signed this note and delivered it except for this promise, because I had the means to pay it if it was my right to pay it. I made that expressly to them a condition upon which I gave this note."

On the foregoing testimony it is argued by defendant that the plaintiff is estopped to plead or assert the statute of limitations against the counterclaim, in the defendant's answer, for the value of the wheat, and it may be said that, if the defendant competently established sufficient facts to warrant the jury in finding the existence of estoppel, in the acts and conduct of the plaintiff, the verdict should not have been directed.

This case does not rest upon the proposition that there was a special fund in existence, or credit due from plaintiff to the defendant, from which it was agreed defendant's note should be paid. Though the testimony presents something of that color, we are not called upon by the argument to consider the point nor whether proof of such an undertaking would tend to vary the written terms of the note. Nor does any discussion occur as to whether the foregoing transaction constitutes a "continuing contract" on the part of respondent for the payment of appellant's claim for the value of the wheat within the meaning of Rev. Code 1919, § 2275, requiring such contracts to be in writing. Dorsey v. Gunkle, 18 S. D. 454, 101 N. W. 36, 5 Ann. Cas. 810. The only question presented is whether respondent, as plaintiff below, is estopped by its conduct from pleading the limitation against appellant's counterclaim. On that question we find a considerable difference of judicial opinion, (37 C. J. 725). The rule which most favors the contention of appellant was stated by the Iowa Supreme Court in Holman v. Omaha, etc., Co., 117 Iowa, 268, 90 N. W. 833, 62 L. R. A. 395, 94 Am. St. Rep. 293, 296, as follows:

"It has been held in a number of cases that, even though the statute requires an acknowledgment or new promise in such case to be in writing, yet the plea of the statute of limitations will not be allowed where, in view of a parol agreement not to plead the statute, relied on by the other party, the interposition of the defense would be 'unconscientious and inequitable, and would perpetrate a fraud.'"

See, also, annotations in 95 Am. St. Rep. 417, and Missouri, etc., Co. v. Pratt, 73 Kan. 210, 85 P. 141, 144, 9 Ann. Cas. 751; Willard v. Willard, 134 Ark. 197, 203 S. W. 1019, 1022.

Respondent, however, insists that the proof fails to show that the acts or representations of respondent were relied upon by appellant in his failure or forbearance to commence action for the value of his wheat within the statutory period of limitations; that the proof merely shows that appellant would not have signed the note except for representations which were made.

 It is a fundamental rule of frequent expression by the courts and text-writers that, in the matter of estoppel, it is not sufficient to show that the language, acts, or conduct of one might have misled a party to his prejudice. It must affirmatively appear that such party was in fact misled or induced by such acts, conduct, or language to do something that he would not otherwise have done. See Smith v. Cleaver, 25 S. D. 351, 126 N. W. 589, as digested in 134 Am. St. Rep. 176. Appellant makes it very clear that he would not have signed the note above mentioned except for the language and conduct of respondent's officer. But that proof falls far short of creating even an inference that appellant was influenced by the respondent's conduct *to forbear the commencement of an action on his alleged claim against respondent* until after the period of statutory limitation had expired. In the absence of direct evidence or factual inference that his inactivity was due to respondent's conduct, there was no showing upon which the jury could rightfully find the respondent estopped to plead the statute of limitations against appellant's counterclaim. By the force and effect of Rev. Code 1919, §§ 2294 and 2298, the action must have been commenced or the counterclaim asserted by defendant within a period which expired before the commencement of the instant action. As the undisputed evidence established that fact, the verdict

was properly directed for plaintiff for the amount of his note sued upon concerning which there was no dispute.

For the reasons stated, the judgment and order appealed from are affirmed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BURCH, JJ., concur.

BROWN, J. (dissenting). Defendant's testimony would warrant the inference that plaintiff promised not to interpose the statute against his claim for the grain, if on looking up his account they should refuse to allow the claim, and that, relying on this promise, he refrained from taking any steps to recover for the grain, believing in reliance on plaintiff's promise that he could set up his claim for the grain should he be sued on the note. I think there was a jury question here, and that it was error to direct a verdict against defendant.