Bernstein, Treasurer, to use, Appellant, *v.* Bryn Mawr Trust Company.

Argued January 21, 1935.   Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*David S. Malis,* with him *Aaron S. Swartz, Jr.,* for appellant.

*Russell J. Brownback* and *Roger B. Reynolds,* for appellee.

PER CURIAM, March 25, 1935:

Plaintiff, treasurer of the use Building & Loan Association, sued to recover the sum of $4,166.25, with interest, alleged to be due from defendant as a result of the satisfaction of a mortgage held by the association. There was a verdict for plaintiff. From the entry of judgment n. o. v. for defendant, plaintiff appeals.

Defendant was employed by a prospective purchaser of real estate to make the necessary searches, conduct the settlement, discharge liens and issue title insurance. To accomplish these purposes, defendant was provided with funds by the purchaser. The association was the holder of a mortgage on the property to be transferred. Settlement was had on October 22, 1923, at which time defendant's settlement clerk delivered a check in payment of the mortgage to the association's conveyancer who purported to act for it in the transaction. The check was drawn by defendant on the Bryn Mawr National Bank, in which it had funds on deposit. The instrument was payable to defendant's clerk who endorsed it to plaintiff. The conveyancer forged the endorsee's signature and

cashed the check on October 25, 1923. The wrongdoer continued to meet the necessary payments due the association until 1929. Upon default in July, 1929, the association investigated the matter and discovered the fraud. In the meantime, on October 31, 1925, the conveyancer satisfied the mortgage of record by virtue of the authority given him in a general power of attorney executed by the building association.

Upon discovery of the conveyancer's criminal act, payment was demanded of defendant, which demand was promptly refused. This suit was instituted on June 2, 1930. We are of the opinion that plaintiff must fail in any theory of the case.

If the suit be regarded as an action for money had and received, it is clear that the statute of limitations is a bar. When funds are placed in the hands of another to be paid over to a third person upon the happening of a condition, the right of action by the latter accrues simultaneously with the duty of the intermediary to pay; and this is true even though the beneficiary is ignorant of the transaction: Hostetter v. Hollinger, 117 Pa. 606. See Com., etc., Co. v. Folz, 23 Pa. Superior Ct. 558. The mortgagee had a right to demand payment on the day of settlement, provided, of course, that it satisfy the mortgage; the statute thus began to operate on October 22, 1923. The fact that the mortgage was not satisfied of record until October 21, 1925, did not toll the bar of the statute, to the benefits of which defendant is now entitled.

Equally unsuccessful is any claim based upon the check. Not only would the statute be a bar, but the acceptance of plaintiff's contention that the wrongdoer was not authorized to receive payment leads to the conclusion that the check was never delivered to either the plaintiff or the association, in which event no rights could arise in them.

To circumvent the statute, it is contended the drawing of the check constituted plaintiff one of defendant's de-

positors, and as such, the statute would not begin to run before demand. The check in question was of the ordinary character one banking institution draws upon another. It would be remarkable if this, without more, should constitute the endorsee of such an instrument a depositor in the drawing bank. The discussion to be found in Metropolitan Life Ins. Co.'s App., 310 Pa. 17, is conclusive against plaintiff's contention.

The assignments of error are overruled and the judgment is affirmed; costs to be paid by appellant.