Brunner, Exrx., Appellant, *v.* Edwards.

Argued January 9, 1940. Before Schaffer, C. J., Maxey, Drew, Linn and Patterson, JJ.

*Arthur S. Arnold,* with him *Oscar Gregman,* for appellant.

514

Ralph N. Kellam, with him Herbert G. Marvin, for appellee.

PER CURIAM, March 25, 1940:

On August 26, 1937, John M. Brunner, as guardian of his father, Abraham L. Brunner, a weak-minded person, instituted a suit in equity against appellee Edwards demanding an accounting of sums received by appellee in 1920 and 1921, under circumstances hereinafter referred to, and asking that the defendant be ordered to make restoration of such sums together with income and legal interest, less any credits found to be proper. Thereafter, during the course of the proceedings in the court below, the elder Brunner died and his widow and executrix, Rachel Brunner, appellant, was substituted of record.

In 1915 Abraham L. Brunner engaged appellee Edwards, an attorney, in proceedings to terminate a trust as a result of which Brunner became fee simple owner of several parcels of real estate subsequently sold, in 1920 and 1921, producing $27,458.77.

Checks representing this sum, drawn to Brunner's order, were endorsed by him and delivered to Edwards with the request that he hold their proceeds for Brunner, paying same out in such amounts and at such times as Brunner should demand. There was no agreement or understanding that the funds should be invested for Brunner. On the contrary, it appears that Brunner did not want this money invested, for he expressly objected to Edwards' purchase of Lehigh Valley Railroad stock and Kingdom of Belgium bonds, both of which investments were thereafter disposed of at a substantial profit to Brunner. Nor was there any agreement that Edwards should be entitled to compensation for handling or disbursing the fund, and no charge has ever been made. At no time did Brunner demand an accounting, and there is no evidence that he was incompetent to manage his affairs prior to June 25, 1937, when the son was

appointed his guardian. Apparently Brunner was entirely satisfied with the manner in which Edwards handled the funds.

A detailed accounting was filed by Edwards covering a multitude of items paid on demand to Brunner or to others on his behalf, including monthly advances. After elimination of all items not established by competent documentary proof credits found by the chancellor to be proper nevertheless exceeded by $8,230.81 the total moneys received by Edwards.

The chancellor took the view that appellee was not an actual nor constructive trustee of the sums received from Brunner but a gratuitous custodian or depositary with no duty except to pay back the money when and as demanded, and held that he had fully accounted, saying "If there is an accounting, it should be by the plaintiff to the defendant, Edwards, and a refund to him."

Appellant's assignments of error are predicated upon the theory that Edwards' legal position with respect to Brunner's funds was that of trustee. She contends that under well established rules in the law relating to trusts with reference to a trustee's commingling a beneficiary's funds with his own and with reference to a trustee's duty as to keeping records and the burden of establishing credits claimed by a trustee, which she contends apply under the circumstances of this case, appellee is indebted to Brunner's estate in the sum of over $20,000.

The chancellor's conclusion that Edwards was not trustee of the Brunner funds, but a custodian or depositary merely was entirely proper. The absence of any duty on the part of Edwards to invest or otherwise manage the funds and the obligation to pay out the money to Brunner in such amounts and at such times as he should demand are inconsistent with any other relationship. Edwards' relation to the funds being that of a gratuitous custodian, the rules governing transactions between a trustee and his cestui que trust were properly held to be inapplicable.

The difficulty with appellant's position is that the funds of her decedent were not held in trust by Edwards in the sense in which she uses that term. Not every relationship of trust is a trust relationship in the strict sense. Appellant relies upon this Court's statement in *Vosburgh's Estate,* 279 Pa. 329, at 332, that "Every deposit is a trust, except possibly general bank deposits; every person who receives money to be paid to another or to be applied to a particular purpose is a trustee if so applied as well as when not so applied." That the Court was not there speaking of trusts in the strict sense is obvious from the immediately preceding sentence, "The term 'trust' is a very broad and comprehensive one," and the immediately following quotation from *Warner v. McMullin,* 131 Pa. 370, 382, "The cases of hirer and letter to hire, borrower and lender, pawner and pawnee, principal and agent, are all cases of express trust." In the McMullin case the Court said, with reference to these enumerated relationships, "It has never been held, however, that these and like cases are such technical trusts as to bring them within our limited equity jurisdiction."

While the omission of appellee to set up a separate fund for Brunner's account and his failure to maintain a separate and orderly record of disbursements, albeit he was acting gratuitously and probably had no reason to expect that his custodianship would be of such extended duration, are not to be commended, since manifestly his omissions so to do in no way injured Brunner or his estate, appellant has no cause for complaint. Had the arrangement eventuated in pecuniary loss to Brunner or his estate by reason of these irregularities, there may have been grounds for constructing a trust, but not otherwise.

The record discloses no reversible error, and the decree appealed from is therefore affirmed. Costs to be paid by appellant.