Sulkin, Appellant, *v.* First National Bank & Trust Company.

Argued January 20, 1942. Before Schaffer, C. J.; Maxey, Drew, Linn, Stern, Patterson and Parker, JJ.

*Israel Krohn,* for appellant.

*Calvin F. Smith,* for appellee.

Opinion by Mr. Justice Patterson, March 23, 1942:

Rosie H. Sulkin, appellant, complains of the refusal of the court below to take off a compulsory nonsuit entered in an action of assumpsit brought by her against the First National Bank and Trust Company of Easton, appellee, successor to the First National Bank of Easton, to recover the sum of $12,000., representing the matured value of three endowment policies of insurance issued on the life of Louis Sulkin, her husband, with interest.

Two of the policies in question, in the amount of $1000 each, were assigned to the First National Bank of

Easton by assignments absolute in form, executed by appellant and the husband on April 28, 1920, and the third policy was assigned by them to the bank, on May 1, 1920, as a "creditor, as their interest might appear". By their terms, the policies were payable to appellant in the event of death of the husband-insured prior to date of maturity, if she was living at his death, otherwise to the administrators, executors or assigns of the insured, but if the husband survived until the date of maturity the matured values of the policies were payable to him. The husband did survive until the maturity date, in each case, and continues to survive. Upon maturity of the two $1000 policies, on March 6, 1925, and March 18, 1926, their proceeds were paid to the bank and were applied in partial liquidation of Sulkin's large outstanding indebtedness to it. When the $10,000 policy matured on December 27, 1929, its matured value was paid by a check drawn to the order of Sulkin and the bank, which Sulkin endorsed, and the proceeds were likewise applied on account of his outstanding indebtedness to the bank.

In her statement of claim, which was not filed until May 15, 1939, appellant averred that the three policies of insurance had been assigned to the bank as collateral security only, for a loan in the amount of $30,000 by the bank to Sulkin, the husband, evidenced by a note in this amount, dated April 29, 1920; that this indebtedness was paid in full on or about July 15, 1922, "whereupon [she] was entitled to the return of the three endowment policies of insurance then held and retained by the [bank] as collateral"; and that she made demand upon the bank for the return of the policies, through the husband, but the bank refused to comply with the demand. The appellee bank, in its affidavit of defense, admitted that the policies had been assigned as collateral security, but averred that they were assigned as collateral security for all the indebtedness of Sulkin, and not for payment of the $30,000 note only, as alleged, and it set up the additional defense that the claim was barred by the statute

of limitations. At the close of appellant's case, a compulsory nonsuit was entered, which the court below subsequently refused to take off, on the ground that whatever interest she may have had ended by the terms of the policies themselves, between the date the note was paid and the date of suit, and on the ground that the action was barred by the statute of limitations, as the bank contended.

Appellant's contention that the court below erred in applying the statute to bar her suit, which is the only contention we need consider, in the view we take of it, is unsound. As was stated in *Penna. Co., etc., v. Ninth Bank & Trust Co.*, 306 Pa. 148, 155: "The statute of limitations applies to all cases at law and in the orphans' court, and to all cases in equity except those technical and continuing trusts over which equity has exclusive jurisdiction: *Yorks's App.*, 110 Pa. 69; *Keyser's App.*, 124 Pa. 80; *Hostetter v. Hollinger*, 117 Pa. 606." While a pledge has sometimes been spoken of as in the nature of a trust, strictly it has not the legal characteristics of a trust, and has never been regarded as a technical trust such as comes within the limited jurisdiction of a court of equity. See *Warner v. McMullin*, 131 Pa. 370; *Brunner v. Edwards*, 337 Pa. 513. The statute, therefore, applies. "Such cases are not taken out of the Statute of Limitations when sued at law, and ought not to be, and are not, by the better decisions in chancery": *Yorks's App.*, supra, 79. Thus, assuming, for present purposes, that the policies were assigned as collateral security for the $30,000 note only, as averred, and assuming also that appellant would have been entitled to demand their return when the note was paid, we would nonetheless be required to conclude that the entry of the nonsuit was proper. Appellant's cause of action, if any, accrued as soon as the debt was paid or, at the latest, when demand was made for return of the policies, and was barred by the lapse of six years thereafter, without suit brought or any mutual acts to keep it alive. See *Waterman v.*

254

*Brown,* 31 Pa. 161; *Humphrey v. Nat. Bank of Clear-field,* 113 Pa. 417; *Hartranft's Est.,* 153 Pa. 530; *Kase v. Burnham,* 206 Pa. 330.

Judgment affirmed.